This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant-appellant, David Tackett ("Tackett") appeals the judgment of the Summit County Court of Common Pleas in favor of plaintiff-appellees, Richard and Alberta Ginn. We affirm.
 I.
On December 3, 1992, Tackett was driving westbound on West Market Street. As he approached the intersection of Market Street and Marvin Avenue, he struck a pedestrian, Mr. Ginn. Mr. Ginn was seriously injured in the accident. Mr. and Mrs. Ginn filed a complaint against Tackett alleging he negligently operated his vehicle resulting in Mr. Ginn's injuries.
The jury trial began on May 13, 1999. The jury found that Tackett was 75% negligent and that Mr. Ginn was 25% negligent. The jury awarded damages in the amount of $296,673.26 in favor of Mr. Ginn and damages in the amount of $20,000 in favor of Mrs. Ginn. This appeal followed.
 II.
Assignment of Error:[1]
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR AS A MATTER OF OHIO LAW BY INSTRUCTING THE JURY USING LAW INAPPLICABLE TO THE FACTS OF THIS CASE.
In his assignment of error, Tackett challenges two portions of the jury instructions. Specifically, he argues that the instructions based on R.C. 4511.27(A) and 4511.202 were inappropriate based on the evidence presented at trial. We disagree.
 Standard of Review
"A charge to the jury should be a plain, distinct and unambiguous statement of the law as applicable to the case made before the jury by the proof adduced." Marshall v. Gibson (1985), 19 Ohio St.3d 10, 12,citing Parmlee v. Adolph (1875), 28 Ohio St. 10, paragraph two of thesyllabus. It is well established that a trial court should confine its instructions to the issues raised by the pleadings and the evidence.Becker v. Lake Cty. Mem. Hosp. West (1990), 53 Ohio St.3d 202, 208. The trial court will not instruct the jury where there is no evidence to support an issue. See Riley v. Cincinnati (1976), 46 Ohio St.2d 287,297. "An inadequate jury instruction which, in effect, misleads the jury, constitutes reversible error." Sharp v. Norfolk W. Ry. (1995),72 Ohio St.3d 307, 312, citing, Marshall, 19 Ohio St.3d at 12.
 Evidence Presented at Trial
The Ginns presented five witnesses at trial. On the day of the accident, Douglas Brianas ("Brianas") was driving in his Bronco to the right of Tackett on Market Street. He testified that there was a van in front of him to the left and Tackett was directly next to him on the left. The van slowed down and "abruptly stopped." Tackett veered in front of Brianas, moved alongside of the van and struck a pedestrian in the street. He stated that after striking the pedestrian, Tackett continued driving for 60-100 yards. Brianas believed that Tackett was not going to stop.
Jennifer DiGiantonio ("DiGiantonio") was driving her Aerostar minivan on the day of the accident. She testified that she saw Mr. Ginn step off the curb and cross the street. She reacted quickly and slowed her van to allow him to pass. After Mr. Ginn passed her van, a car came from behind her on the right side and struck Mr. Ginn.
Mr. Ginn testified that he looked to the left and right before crossing the street.[2] He saw the van and believed that he would be able to cross. He testified that the van let him pass and then a car struck him. The next thing he remembered was waking up in the hospital with two broken legs. Mrs. Ginn and Dr. Mannah testified regarding Mr. Ginn's injuries and his healing process.
Tackett testified that he was not familiar with this intersection and did not see Mr. Ginn until the moment he impacted with his car. As he approached the intersection, Tackett observed the van in front of him move left toward the center lane. He believed that the van was preparing to turn left. Tackett moved to the right and proceeded to pass on the right side of the van. As he passed the van, he saw Mr. Ginn and hit his brakes. He was unable to avoid Mr. Ginn and struck him with the right front side of his car.
Tackett's other witness was Mr. Biasella. Mr. Biasella is a retired police officer. He was the officer who responded to the scene of the accident in 1992. After retirement, Mr. Biasella pursued a career as a consultant on accident reconstruction.
 Jury Instructions
In the present case, the trial court instructed the jury on the rights and duties of the parties regarding the traffic laws. The record reflects that Tackett's attorney raised timely objections to the following two instructions: "[a] driver of a motor vehicle on any street must be in reasonable control of the motor vehicle," see R.C. 4511.202 and
 a driver of a vehicle going in the same direction must signal to the vehicle being overtaken, must pass to the left side at a safe distance, and must not return to the right side of the roadway until safely clearly over [sic] the overtaken vehicle.
See R.C. 4511.27(A).
Upon review of the evidence presented at trial, we conclude that there exists no reversible error regarding the trial court's instruction concerning the two highway statutes of which Tackett complains.
Jury Instruction Regarding R.C. 4511.202
Tackett asserts that the only evidence presented at trial regarding his control of his car is the uncontested evidence of the speed of his vehicle prior to the accident. At trial, Tackett presented Mr. Biasella as a witness for the defense. As part of his police report, he calculated the speed of Tackett's vehicle from the presence of several skid marks. Based on his calculations he determined that Tackett was traveling at a speed of 26 mph at the time of the accident. The speed limit in that area of West Market Street is 35 mph.
On cross-examination, Mr. Biasella testified that the calculation of a vehicle based on the presence of skid marks requires that the vehicle came to a stop at the end of the skid marks. He testified that the calculation of speed would be inaccurate if the vehicle continued to travel for 60-100 yards after the skid marks. Mr. Biasella stated that when he arrived on the scene, Tackett's vehicle was not located near the skid marks. He assumed that the skid marks belonged the Tackett's vehicle because "[t]hey appeared in the area of the accident."
There was testimony from Brianas that Tackett's vehicle did not come to a stop at the scene of the accident. Brianas testified that Tackett proceeded an additional 60-100 yards from the accident before stopping.
R.C. 4511.202 prohibits the operation of a motor vehicle on any street or highway without the driver being in reasonable control of the vehicle. While Tackett insists that there was no evidence presented at trial to suggest that he lost control of his vehicle, we believe that the trial court was warranted in instructing the jury on the charge. There remained a question of fact as to the speed of Tackett's vehicle and whether Tackett was in control of his vehicle. Tackett's assignment of error as it relates to the jury instruction based on R.C. 4511.202 is overruled.
Jury Instruction Regarding R.C. 4511.27(A)
R.C. 4511.27(A) requires an operator of a vehicle when overtaking another vehicle to signal, pass on the left, and only return to the right side of the road after safely and clearly overtaking the vehicle. Tackett argues that the jury instruction based on R.C. 4511.27(A) was prejudicial and misled the jury into finding that he was negligent for passing the van on the right side of the road.
Later in its charge, the trial court gave an instruction based on R.C.4511.46(D). R.C. 4511.46(D) provides:
 [w]henever any vehicle, trackless trolley, or streetcar is stopped at a marked crosswalk or at any unmarked crosswalk at an intersection to permit a pedestrian to cross the roadway, the driver of any other vehicle, trackless trolley or streetcar approaching from the rear shall not overtake and pass the stopped vehicle.
A crosswalk is defined as "[t]hat part of a roadway at intersections ordinarily included within the real or projected prolongation of property lines and curb lines or, in the absence of curbs, the edges of the traversable roadway." R.C. 4511.01(LL)(1). It is undisputed that the intersection of Market Street and Marvin Avenue contained at least two unmarked crosswalks.
We begin by noting that R.C. 4511.27(A) does not apply to roadways with "four or more traffic lanes." R.C. 4511.27(C). Market Street is divided with a double yellow centerline at the point where this accident occurred. Evidence was presented at trial[3] to establish that this portion of West Market Street accommodates four lanes of traffic. Accordingly, it was error to instruct the jury on R.C. 4511.27(A), which only applies to two lane roadways.
Next we must determine whether the trial court committed reversible error by charging the jury on R.C. 4511.27(A). The Ginns presented evidence at trial to support the jury instruction based on R.C. 4511.46(D). Brianas testified that the van "abruptly stopped." DiGiantonio testified that her vehicle was located at approximately the same place as a van pictured in photographs of the intersection that were admitted into evidence. The photographs depicted a van stopped at the first unmarked crosswalk at the Marvin Avenue intersection. DiGiantonio also stated that she observed Mr. Ginn step off the curb and she maneuvered to allow him to cross the roadway.
We find that the erroneous instruction based on R.C. 4511.27(A) was not reversible error in light of the jury instruction based on R.C. 4511.46(D). Tackett's vehicle approached an intersection where another vehicle was stopped at an unmarked crosswalk to allow a pedestrian to cross the roadway. Therefore, it was negligent for Tackett to overtake the stopped vehicle on either the right side or the left side. See R.C. 451146(D). The R.C. 4511.27(A) instruction prohibiting a vehicle from passing on the right side was not prejudicial to Tackett because the evidence presented at trial demonstrated that Tackett was unable to properly overtake the van on either side.
Accordingly, Tackett's assignment of error as it relates to the jury instruction based on R.C. 4511.27(A) is overruled.
 III.
Having overruled Tackett's assignment of error we affirm the judgment of the trial court.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
______________________________________ WILLIAM R. BAIRD
CARR, J., WHITMORE, J. CONCUR.
[1] We note that Tackett assigned and briefed two assignments of error. At oral argument, Tackett voluntarily withdrew his arguments regarding the denial of his motion for a directed verdict and the jury instructions involving R.C. 4511.28 and R.C. 4511.46. Accordingly, we will confine our review to his remaining assignment of error regarding the jury instructions involving R.C. 4511.27(A) and R.C. 4511.202.
[2] The record reflects that Mr. Ginn was unable to renew his driver's license in 1982, because he failed to pass the eye test. Mr. Ginn stated that he is legally blind meaning that he can not drive but he is still able "to go about getting around." He testified that he was able to see and able to see things at a distance.
[3] Tackett, Bianas and DiGiantonio testified that two vehicles were travelling alongside each other in the westbound lane of Market Street on December 3, 1992. Mr. Biasella testified that the westbound lane measured 18 feet and the eastbound lane measured 17 feet. He stated that the maximum width for a vehicle in Ohio is 8 1/2 feet. Based on the measurements he concluded that this portion of Market Street could accommodate four lanes of traffic. See Woodmere v. Kelbach (1995),101 Ohio App.3d 278.