OPINION
{¶ 1} This appeal arises from a case in the Trumbull County Court of Common Pleas. Appellant, David E. Mays, was indicted with one count each of aggravated burglary and kidnapping. After a jury trial, appellant was convicted on the aggravated burglary charge and acquitted on the kidnapping charge. Appellant was subsequently sentenced to seven years imprisonment.
 {¶ 2} This case relates to an incident on December 10, 1999, at the home of Clyde and Pamela Williams. It was an 1820's farmhouse undergoing renovation, with the entire house under construction, other than the basement which served as the living quarters for the Williams and their daughter. The only access into the home was through basement storm doors.
 {¶ 3} On December 10, 1999, there was a knock on the basement doors. Ms. Williams answered the knock. Standing outside was a white male whom she did not recognize. The man forced his way into the home, grabbed Ms. Williams by the neck, and pushed her against a wall. Ms. Williams told her daughter, who was nearby, to call the police. The intruder pushed Ms. Williams over a couch, picked up her purse, and ran for the door. A struggle ensued, during which the intruder pulled out several clumps of Ms. Williams' hair and she ripped his shirt. Ms. Williams was able to grab her purse from the intruder and forced him outside.
 {¶ 4} During the struggle, Ms. Williams' daughter was able to contact the police, who arrived shortly. Ms. Williams recalled that she faintly recognized the intruder as being related to her husband's ex-wife. With this information, the police assembled two photographic arrays which included both a current and older photograph of appellant. Ms. Williams selected appellant from both arrays, and her daughter selected appellant from the more recent photograph array. Based on this identification, the police obtained a warrant for appellant's arrest.
 {¶ 5} Appellant evaded arrest for approximately ten months before being apprehended in October 2000. A jury trial was set to commence on June 4, 2001.
 {¶ 6} On the morning of the trial, appellant reported to the courthouse briefly. He then left and failed to reappear for some time. Once he reappeared and was before the court, he attempted to dismiss his attorney, Jeffrey Goodman. Attorney Goodman requested permission from the court to withdraw as counsel, citing irreconcilable differences. Attorney Goodman also stated that appellant's family had come forth that morning and wished to hire another attorney for appellant. The court overruled these motions.
 {¶ 7} After a break, Attorney Goodman again moved the court to disqualify the jury, claiming it may have been tainted by the commotion caused by the attempts to locate appellant. After a voir dire of the sheriff deputies, the court reporter, and the prospective jurors, the court determined that disqualification of the jury was not necessary.
 {¶ 8} Before the trial commenced, the state moved to amend the indictment based on a typographical error in the body of the indictment which listed the date of the alleged offense as December 10, 2000, instead of the correct date, December 10, 1999. At this time, Attorney Goodman moved for a continuance based on the state's motion. The trial court permitted the amendment to the indictment and denied Attorney Goodman's motion.
 {¶ 9} Appellant's trial then commenced, resulting in the jury finding appellant guilty of the aggravated burglary charge and not guilty of the kidnapping charge.
 {¶ 10} On appeal, appellant asserts three assignments of error.
 {¶ 11} Appellant's first assignment of error is:
 {¶ 12} "The trial court erred in failing to grant appellant's repeated requests for continuance."
 {¶ 13} At the commencement of the trial, appellant moved for a continuance because there were irreconcilable differences between Attorney Goodman and appellant on the day of the trial and because appellant's family had come forth stating that they wished to contribute money so appellant could obtain new counsel. Appellant later moved for a second continuance after the state's motion to amend the indictment to change the date of the offense. Appellant contends that the trial court erred in denying both motions.
 {¶ 14} The Supreme Court of Ohio has stated, "the grant or denial of a continuance is a matter [which] is entrusted to the broad, sound discretion of the trial judge. An appellate court must not reverse the denial of a continuance unless there has been an abuse of discretion."[1]
An abuse of discretion connotes more than simply an error of law or judgment; rather, it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable.[2]
 {¶ 15} In determining whether the trial court abused its discretion, a reviewing court must weigh the potential prejudice to the defendant against the trial court's right to control its own docket and the public's interest in the prompt and efficient dispatch of justice.[3]
 {¶ 16} Appellant's first motion for a continuance was sought because of a claimed strained relationship between appellant and his attorney. The record reveals that the trial date was set several months before the trial was to commence. Four pretrial meetings were held, one just one week before the trial, and at every pretrial meeting appellant appeared through counsel and indicated that the case was ready to proceed to trial. The trial court noted that it was "never given any indication that there was any problem or concern" regarding appellant and his relationship with Attorney Goodman. Based on these facts, we find that the trial court did not abuse its discretion in denying appellant's first motion for a continuance.
 {¶ 17} Moreover, no other attorney appeared at the outset of the trial whom was ostensibly retained by appellant's family, Attorney Goodman indicated that he was prepared to try the case, and appellant did not indicate a time frame with respect to his request for a continuance.
 {¶ 18} Regarding his second motion for a continuance, appellant claims that the trial court erred in not granting it because the amendment to the indictment affected the ability of appellant's counsel to adequately prepare his defense.
 {¶ 19} Crim.R. 7(D) addresses amending indictments and states, "the court may at any time before, during or after a trial amend the indictment *** in form or substance *** provided no change is made in the name or identity of the crime charged."
 {¶ 20} The rule permits errors to be corrected during or after the trial, as long as the amendment to the indictment makes no change in the name or identity of the crime charged.[4] The accused should not be "misled or prejudiced by the omission of such element from the indictment."[5] The Supreme Court of Ohio has noted that precise dates and times are not essential elements of an offense and a certain degree of inexactitude is not necessarily fatal to a prosecution.[6]
 {¶ 21} Moreover, this court has held that a denial of a motion for a continuance, based on an amendment to an indictment where the date of the offense is changed to the same date one calendar year prior, was not abuse of discretion.[7]
 {¶ 22} In the case sub judice, the state moved to correct the date the crimes were committed. The original indictment stated that the offenses occurred on December 10, 2000. However, the offenses actually occurred on December 10, 1999. The date of the offense is not an element to either aggravated burglary or kidnapping. The name or identity of the counts of the original indictment were not changed by the amendment.
 {¶ 23} Moreover, appellant was arrested on October 19, 2000, and arraigned shortly thereafter. Both of these events occurred nearly two months prior to the date of the offense listed on the original indictment. Surely, appellant could not have been arrested for the offense two months prior to it being committed. Moreover, the police incident report, indicating the correct date of the alleged crimes, was part of the trial court record and was available to appellant and his attorney. Therefore, appellant's contention that he was somehow misled or prejudiced by the amendment to the indictment is untenable.
 {¶ 24} Therefore, the trial court did not abuse its discretion in denying a continuance because, pursuant to O'Brien, the amendment to the indictment did not change the name or identity of the charges against appellant and appellant has not shown that he was misled or prejudiced by the amendment.
 {¶ 25} Appellant's first assignment of error is without merit.
 {¶ 26} Appellant's second assignment of error is:
 {¶ 27} "Appellee committed reversible error in commenting that appellant would likely not testify."
 {¶ 28} Appellant argues that, during opening statements, the prosecution improperly commented that appellant was not likely to testify and that such a remark violates appellant's Fifth Amendment right to remain silent and is, therefore, reversible error.
 {¶ 29} It is well settled that a prosecutor's comments regarding a defendant's refusal to testify at trial violate the accused's Fifth Amendment right to remain silent.[8] The Supreme Court of Ohio has held that "[t]he question is `whether the language used was manifestly intended or was of such character that the jury would naturally and necessarily take it to be comment on the failure of the accused to testify.'"[9]
 {¶ 30} The comment made by the prosecution during opening statements reads from the transcript as follows:
 {¶ 31} "*** Now, we talked about in voir dire about the defendant not having to say anything. And I suspect in this case you won't hear anything from the defendant. And I think when you hear this case and when you hear the testimony and when you start to hear what's going on in this case, you're gonna ask yourself, `[w]ell, does he have an alibi? Was he somewhere else? Was he at work? Is it a mistaken identity?' And all of those questions you're gonna answer in the negative."
 {¶ 32} This court has held that, generally, counsel is afforded wide latitude in addressing the jury during both opening statements and closing arguments.[10] During opening statements, counsel from both parties are given the opportunity to set forth their theory of the case to the jury and to outline what facts they expect the evidence to show. The prosecutor's foregoing statement borders on inappropriate argument during opening statement rather than being in the character of a narrative of anticipated evidence.
 {¶ 33} In this case, we find the appellant's argument lacks merit. The comments made by the prosecution were made during opening statements, hence, prior to any testimony in the case. The comments were not of such character that the jury would naturally and necessarily take it to be an inference of appellant's guilt by a failure to testify. However, we note that, although the prosecution's comments do not rise to the level of reversible error, the statements are close to the line and, to avoid any constitutional dilemma, prosecutors must refrain from commenting on defendant's lack of testimony or even the anticipated lack of testimony.
 {¶ 34} Appellant's second assignment of error is without merit.
 {¶ 35} Appellant's third assignment of error is:
 {¶ 36} "The trial court violated appellant's right to due process in instructing the jury that it could consider assault as a predicate offense to the aggravated assault (sic) charge."
 {¶ 37} Appellant argues that the trial court erred when it responded affirmatively after the jury questioned whether assault qualified as "any criminal offense" under the aggravated burglary statute.
 {¶ 38} The trial court instructed the jury that in order to find appellant guilty of aggravated burglary, the jury needed to determine, beyond a reasonable doubt that:
 {¶ 39} "[O]n or about the tenth day of December 1999, and in Trumbull County, Ohio, the defendant, by force, stealth or deception, did trespass in an occupied structure when a person other than an accomplice of the offender was present with purpose to commit in the occupied structure any criminal offense and the defendant did inflict or attempt to inflict physical harm on Pamela Williams."
 {¶ 40} The trial court then read several definitions for terms within the above instruction, including "any criminal offense" which the court defined as, "for the purposes of this case, kidnapping, which is defined below, and theft are criminal offenses." Appellant contends that counsel for appellant, counsel for appellee, and the trial court all agreed that appellant could only be convicted of aggravated burglary if the jury was convinced that the appellant committed either theft or kidnapping and, therefore, appellant's counsel "was duped into all but conceding that an assault occurred during his closing argument."
 {¶ 41} Jury instructions should be plain, unambiguous statements of the law applicable to the case and evidence presented to the jury.[11]
Where, as in this case, during deliberations, a jury requests further instruction, or clarification of previous instructions, a trial court has discretion to determine its response to the request.[12] The standard for reviewing a trial court's response to a jury question is abuse of discretion.[13]
 {¶ 42} In this case, the trial court initially instructed the jury that theft and kidnapping were two criminal offenses that could be considered in determining, beyond a reasonable doubt, whether appellant committed aggravated burglary. In its instruction, the trial court never instructed the jury that those were the only criminal offenses that they could consider in making its determination. The language of the statute clearly reads "any criminal offense." Assault is a criminal offense codified under R.C. 2903.13. Therefore, when the jury questioned whether assault qualified as a criminal offense, the trial court properly responded in the affirmative.
 {¶ 43} A review of the record reveals that the court set forth the elements for assault and instructed the jury that should they find each of the elements of assault were met they could consider it as a criminal offense under the aggravated burglary statute. Therefore, we find that the trial court did not abuse its discretion in instructing the jury that assault qualifies as a criminal offense under the aggravated burglary statute.
 {¶ 44} Appellant's third assignment of error is without merit. The judgment of the trial court is affirmed.
DONALD R. FORD, J., concurs.
DIANE V. GRENDELL, J., concurs in judgment only.
[1] State v. Unger (1981), 67 Ohio St.2d 65, 67.
[2] State v. Adams (1980), 62 Ohio St.2d 151, 157.
[3] State v. Powell (1990), 49 Ohio St.3d 255, 259.
[4] State v. O'Brien (1987), 30 Ohio St.3d 122, 125-126.
[5] Id. at 128.
[6] State v. Sellards (1985), 17 Ohio St.3d 169, 171.
[7] State v. Chapman (Mar. 17, 2000), 11th Dist. No. 98-P-0075, 2000 Ohio App. LEXIS 1074.
[8] Griffin v. California (1965), 380 U.S. 609; State v. Thompson
(1987), 33 Ohio St.3d 1, 4.
[9] (Emphasis original.) State v. Webb (1994), 70 Ohio St.3d 325,328-329, quoting Knowles v. United States (C.A. 10, 1955), 224 F.2d 168,170.
[10] Jones v. Olcese (1991), 75 Ohio App.3d 34, 39.
[11] Marshall v. Gibson (1985), 19 Ohio St.3d 10, 12.
[12] State v. Carter (1995), 72 Ohio St.3d 545, paragraph one of the syllabus.
[13] Id. at 553.