MARSHALL ET AL., ADMRS., APPELLANTS, *v.*
GIBSON, D.B.A. GIBSON TRUCKING, ET AL., APPELLEES.

[Cite as Marshall *v.* Gibson (1985), 19 Ohio St. 3d 10.]

(No. 84-934—Decided August 9, 1985.)

*DaPore & Associates Co., L.P.A.,* and *Joseph C. DaPore,* for appellants.

*Noble, Montague & Moul* and *Eldon E. Montague,* for appellees.

*Per Curiam.* Appellants posit two issues for review. Appellants raise the issues of whether, based on the record, negligence was established as a matter of law and whether the jury's verdict was against the manifest weight of the evidence. In considering these issues, this court has, of necessity, carefully reviewed the entire record of this case. Based on this

review, this court finds that the judgment rendered below must be reversed on the grounds that the trial judge committed prejudicial error in refusing to instruct the jury on comparative negligence and we accordingly remand this case for a new trial.

A charge to the jury should be a plain, distinct and unambiguous statement of the law as applicable to the case made before the jury by the proof adduced. *Parmlee* v. *Adolph* (1875), 28 Ohio St. 10, paragraph two of the syllabus. "In submitting a case to the jury, it is the duty of the court to separate and definitely state to the jury, the issues of fact made in the pleadings, accompanied by such instructions as to each issue as the nature of the case may require * * *." *Baltimore & Ohio RR. Co.* v. *Lockwood* (1905), 72 Ohio St. 586, paragraph one of the syllabus.

Relying on the *Baltimore & Ohio RR. Co.* case, this court stated in *Simko* v. *Miller* (1938), 133 Ohio St. 345, 358 [10 O.O. 535], as follows: "A jury is entitled to receive from the court such instructions in the general charge as will fully place it in possession of the issuable facts in controversy as pointed out by the pleadings and the evidence. In this case the jury did not receive such instructions, and the charge as a whole was misleading. * * *"[1] The court concluded that inasmuch as the issues raised by the pleadings were not fairly presented to the jury, prejudice resulted and a new trial was warranted. *Id.*

It is thus clear that an incomplete charge will constitute grounds for reversal of a judgment where the charge as given misleads the jury. See *Columbus Ry. Co.* v. *Ritter* (1902), 67 Ohio St. 53. A caveat expressed by this court long ago is still relevant today: A charge ought not only be correct, but it should also be adapted to the case and so explicit as not to be misunderstood or misconstrued by the jury. *Aetna Ins. Co.* v. *Reed* (1878), 33 Ohio St. 283, 295.

In the instant case, as in *Simko,* the instructions given were incomplete on the issues raised by the pleadings and evidence. The issue of comparative negligence was raised in the pleadings. Evidence was presented during trial which could support a charge of comparative negligence. The incident occurred on premises which were very familiar to appellants' decedent; indeed it was not only his family's business but he also worked at this location. It was indicated that appellants' decedent had knowledge of the location of the wires.

Further testimony was presented in that appellants' decedent directed and guided the rear of the trailer into exact location, for the driver's view was obstructed and he could not see the rear of the trailer. Testimony was also presented to the effect that appellants' decedent was aware that the trailer bed had to be raised to its full extent to completely unload the fer-

---

[1] The court in *Simko* stated at 353 as follows: "* * * [T]here were not full and complete charges on contributory negligence and the burden of proof, and these omissions indicate that the instructions were incomplete on the issues raised by the pleadings and evidence."

tilizer and that appellants' decedent was using a broomstick rather than the rubber strap that was available to guide the flowgate.

Contrary to the trial court's holding, this court finds that there was sufficient evidence to support a charge for comparative negligence, and that as a consequence of this incomplete charge, the jury was misled and a remand for a new trial is hence proper.

In so finding, this court would emphasize that it is not directly attacking the judgment reached by the jury. Rather, this court finds that the verdict was not responsive to the issue because incomplete and misleading jury instructions were given. As a consequence of such instructions, a fair and impartial trial was not had; substantial justice was not done.

For the foregoing reasons, the judgment of the court of appeals is reversed and the cause is remanded to the trial court for a new trial.

*Judgment reversed and*
*cause remanded.*

CELEBREZZE, C.J., SWEENEY, LOCHER, C. BROWN and DOUGLAS, JJ., concur.

C. BROWN, J., concurs separately.

HOLMES and WRIGHT, JJ., separately dissent.

CLIFFORD F. BROWN, J., concurring. I concur in the judgment of reversal. My concurrence in the judgment is reluctant for the following reasons. I agree wholeheartedly that affirmance of the jury verdict should be reversed and a new trial ordered. However, there should be no retrial of the issues of negligence and liability. The case upon remand should be tried only as to the issue of damages sustained by plaintiffs. I concur in the judgment of retrial on the issue of comparative negligence only because a majority of four could not be mustered for a judgment remanding the cause ordering a directed verdict for plaintiffs on the issue of liability and submitting only the issue of damages for retrial.

The record below contained no evidence of negligence of plaintiffs' decedent. The trial judge recognized this in his remarks, set forth in the majority opinion, when he overruled defendants' motion for a jury charge on comparative negligence. Consequently there was no evidence for submission of the issue of comparative negligence. Such issue should not be submitted to the jury. Instead the plaintiffs have a right to a directed verdict on the issue of liability.

Reasonable minds could not differ on the issue of negligence and proximate cause. The evidence in this case demonstrated conclusively that defendant Briggs was negligent in his raising of the truck bed, and that his negligence was the sole proximate cause of the electrocution. Briggs himself testified that he saw the overhead lines before the decedent was

electrocuted, that he was aware of the lines when he began to elevate the truck bed, that he was watching the wires as the bed went up, that he was depending entirely on his own observation to avoid contact, and that he was not relying on decedent to watch the lines.

Further, there was unrefuted testimony to the effect that the truck bed had to be less than one-half inch from the wires to cause the electricity to arc. This testimony, and other uncontradicted testimony that burn marks were found on the truck bed, indicated that it had in fact come into contact with the lines, or into sufficient proximity thereto to cause the electricity to arc.

Defendants offered no evidence which could reasonably refute the inescapable conclusion of their negligence created by these facts, whether the truck bed came into contact with the lines or came close enough to cause the electricity to arc. Accordingly, the trial court had a manifest duty to withhold the questions of negligence and proximate cause from the jury. Civ. R. 50(A)(4). Where the evidence relating to an issue is insufficient to permit reasonable minds to reach different conclusions, the trial court is obliged to withhold that issue from the jury. *O'Day* v. *Webb* (1972), 29 Ohio St. 2d 215 [58 O.O.2d 424], paragraph four of the syllabus. The trial court in the instant cause failed to fulfill that obligation. I would remand the cause for a new trial on the issue of damages only.

HOLMES, J., dissenting. In that my confusion over, and disbelief in, the opinion of the majority is of the same order as Justice Wright's, if not greater, I join in his dissenting opinion.

WRIGHT, J., dissenting. I am certain that it will come as a great surprise to appellees that this court "* * * is not directly attacking the judgment reached by the jury. * * *" Although appellants do not argue that the trial court erred in its failure to instruct the jury on comparative negligence, a majority of this court *sua sponte* raises this issue and uses it as the sole basis to reverse both lower courts. To rule that the failure by the trial court to honor *appellees'* request for a charge on comparative negligence was reversible error is amazing given the fact that this is an appeal by the appellants. This issue was *not assigned as error in the court of appeals or presented as a proposition of law or advanced in this court,* and appellees have not filed a cross-appeal with this court. Therefore, the issue is simply not before us.

I would stress that the comparative negligence charge, if given, would have benefited defendants-appellees. It is puzzling indeed to find that the trial court's failure to charge the jury on comparative negligence has somehow led to a new trial for appellants. The more one tries to explain this extraordinary result the less another can understand it.

Accordingly, I dissent.

HOLMES, J., concurs in the foregoing dissenting opinion.