This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Nordonia Hills School District ("School District"), appeals the decision of the Summit County Court of Common Pleas awarding appellee, Tina Marie Haynal ("Haynal"), $60,000 in monetary damages. We reverse and remand.
 I.
The School District employed Haynal as a school bus driver. In May 1997, Haynal refused to park her bus in front of a handicap sidewalk cutout at the Ledgeview Elementary School. The School District suspended Haynal for three days as a result of this incident. Following this incident, Haynal received fourteen reprimands in twelve months. The School District terminated Haynal on January 26, 1998.
On February 23, 1999, Haynal filed a complaint against the School District alleging that the School District violated R.C. 4112.02 when it retaliated against her for refusing to park in front of the sidewalk cutout. After a jury trial, the trial court awarded Haynal $60,000 in damages.
This appeal followed. The School District raises six assignments of error on appeal. The assignments of error will be reviewed out of sequence for ease of discussion.
 II. Fourth Assignment of Error The Trial Court Erred in its Instruction to the Jury that Effectively Compelled the Jury to Find that the Practice of Parking Buses Bumper to Bumper Violated the Americans with Disabilities Act; to Disregard the State Law Requirement that Buses be Parked in this Manner; and/or Calling upon the Jury to Decide a Legal Question Regarding a Conflict Between the ADA [sic] and O.A.C.
 In its fourth assignment of error, the School District argues that the trial court gave an improper jury instruction and committed reversible error. We agree.
 Standard of Review
A trial court must charge a jury with instructions that are a correct and complete statement of the law. Marshall v. Gibson (1985),19 Ohio St.3d 10, 12. "A charge to the jury should be a plain, distinct and unambiguous statement of the law as applicable to the case made before the jury by the proof adduced." Id., citing Parmlee v. Adolph(1875), 28 Ohio St. 10, paragraph two of the syllabus. "It is well established that a trial court should confine its instructions to the issues raised by the pleadings and the evidence." Becker v. Lake Cty.Mem. Hosp. West (1990), 53 Ohio St.3d 202, 208. The trial court will not instruct the jury where there is no evidence to support an issue. SeeRiley v. Cincinnati (1976), 46 Ohio St.2d 287, 297. "An inadequate jury instruction which, in effect, misleads the jury, constitutes reversible error." Sharp v. Norfolk W. Ry. Co. (1995), 72 Ohio St.3d 307, 312, citing, Marshall, 19 Ohio St.3d at 12.
 Evidence Presented at Trial
At trial, evidence was presented regarding the loading and unloading of buses at Ledgeview Elementary School. After entering into the elementary school parking lot, the buses pull into the bus lane. The first and second buses park bumper to bumper. Directly behind the tail end of the second bus is a crosswalk. Buses do not park on the crosswalk. The third bus leaves a space behind the second bus and parks without covering the crosswalk. Beginning on the other side of the crosswalk, the third, fourth and fifth buses line up bumper to bumper. Under this parking scheme, five buses are able to load or unload at one time.
Adjacent and parallel to the bus lane is a sidewalk. A section of this sidewalk contains a handicap cutout. Two yellow lines and a large blue handicap symbol are painted on the pavement directly opposite the sidewalk cutout. In addition to the bus lane, there is a parking area used by staff and by parents who are dropping off their children. Children and staff coming from this parking area are "expected to cross" at the crosswalk. Teachers or personnel act as safety patrol in the crosswalk area.
Haynal testified that the bumper to bumper parking of the third and fourth buses completely blocks the sidewalk cutout. When Haynal's bus was in the fourth position she refused to park bumper to bumper with the third bus. Instead, Haynal would leave a space behind the third bus and park her bus beyond the sidewalk cutout. Haynal's refusal to park bumper to bumper with the third bus kept the sidewalk cutout accessible.
 Jury Instruction
In the present case, the trial court instructed the jury on the rights and duties of the parties regarding the Ohio Administrative Code and the Americans with Disabilities Act. The record reflects that the School District's attorney raised timely objections to the following instruction:
 [t]he Ohio Administrative Code provides that busses, that school busses, are to be parked bumper to bumper when loading or unloading students. However, the Ohio Administrative Code does not supersede the Americans with Disabilities Act, which is a Federal Law, that requires places of public accommodation, such as a school, to provide access ramps and cut outs for handicapped persons. It is for you to decide whether the parties actions were reasonable under the circumstances we have here.
 Upon review of the evidence presented at trial, we conclude that there exists reversible error regarding the trial court's instruction regarding the Ohio Administrative Code[1] and the Americans with Disabilities Act.
The record reflects that Haynal alleged that the School District violated both the Americans with Disabilities Act and R.C. 4112.02
because "there was no alternative handicapped parking lot access available at the time [Haynal] was ordered to park her bus on the no parking zone in issue." (Emphasis original.) R.C. 4112.02 provides that:
[i]t shall be an unlawful discriminatory practice:
* * *
 For any proprietor or any employee, keeper, or manager of a place of public accommodation to deny to any person, except for reasons applicable alike to all persons regardless of * * * disability * * * the full enjoyment of the accommodations, advantages, facilities, or privileges of the place of public accommodation.
R.C. 4112.02(G).
The Americans with Disabilities Act provides that:
 [n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.
 Section 12182(a), Title 42, U.S.Code. The Act defines an elementary school as a place of public accommodation. Section 12181(7)(J), Title 42, U.S.Code.
Discrimination is defined as:
 the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;
 a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;
 a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;
 a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities, and transportation barriers in existing vehicles and rail passenger cars used by an establishment for transporting individuals (not including barriers that can only be removed through the retrofitting of vehicles or rail passenger cars by the installation of a hydraulic or other lift), where such removal is readily achievable; and
 where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable.
Section 12182(b)(2)(A)(i)-(v), Title 42, U.S.Code.
In the present case, the jury instruction was ambiguous. It is not clear from the record if the challenged jury instruction was an instruction on the Americans with Disabilities Act or R.C. 4112.02. The trial court's instruction twice referred to the law as the "Americans with Disabilities Act, an Ohio law." However, the instruction also refers to the American with Disabilities Act as a Federal law.
Assuming arguendo that the trial court was instructing the jury on the Americans with Disabilities Act,[2] we find the instruction regarding the requirements of the Act was an incomplete statement of the law. The trial court instructed that "the Americans with Disabilities Act, which is a Federal Law, that requires places of public accommodation, such as a school, to provide access ramps and cut outs for handicap persons." The trial court's instruction failed to include that pursuant to the Act, the School District has the right to "demonstrate that taking such steps [to ensure that no person with a disability is excluded] would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden." Section 12182(b)(2)(A)(iii), Title 42, U.S.Code.
The challenged jury instruction was neither unambiguous nor a complete statement of the law. Marshall, 19 Ohio St.3d at 12. We find this inadequate jury instruction constitutes reversible error. Sharp,72 Ohio St.3d at 312. The School District's fourth assignment of error is sustained.
 IV. First Assignment of Error The Trial Court Erred When it Denied Defendant's Summary Judgment.
 Second Assignment of Error The Trial Court Erred When it Refused to Permit Defendant to Introduce into Evidence the Decisions of the Arbitrator and the State Employment Relations Board.
 Third Assignment of Error The Trial Court Committed Plain Error When it Permitted Plaintiff to Base her State Law Retaliation Claim on an Alleged Violation of the ADA.
 Fifth Assignment of Error The Trial Court Erred When it Refused to Permit Defendant to Introduce Attorney Armstrong's Letter, which was Appended to [Plaintiff's] Three Day Suspension to Which Plaintiff Testified at Trial.
 Sixth Assignment of Error There was Insufficient Evidence to Support the Verdict.
 The School District's remaining assignments of error are rendered moot by our disposition of the fourth assignment of error. The judgment of the Summit County Court of Common Pleas is reversed and remanded for further proceedings not inconsistent with this opinion.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
 ____________________________ WILLIAM G. BATCHELDER
SLABY, J. CONCURS.
CARR, J. CONCURS IN JUDGMENT ONLY.
[1] Ohio Admin. Code 3301-83-12(D)(3) provides "[p]arking for loading and unloading on school grounds shall be bumper to bumper or diagonal. Either method used shall exclude any necessity for backing the school bus." See, also, former Ohio Admin. Code 4501-3-08(D)(3). The trial court's instruction correctly stated that "[t]he Ohio Administrative Code provides that busses, that school busses, are to be parked bumper to bumper when loading or unloading students."
[2] We note that the charge to the jury does not include an instruction regarding R.C. 4112.02.