DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Barry Fitzgerald, appeals from the judgment of the Summit County Court of Common Pleas rendering a verdict for Appellee, Bureau of Workers' Compensation, which denied Appellant the right to participate in the workers' compensation insurance fund.
 I. {¶ 2} Appellant was employed by J.R. Wheel, a manufacturer of aluminum wheel rims, for eighteen days during the months of March and April 2000. Appellant claims that while employed by J.R. Wheel, he suffered a work related injury which resulted in bilateral vocal cord paralysis. Appellant specifically contends that his paralysis was caused by his exposure to Ecocool, a fluid used in manufacturing to control the heat generated in a machine when metal is cut. Appellant claims that, while he had no prior breathing problems, he experienced breathing problems after working at J.R. Wheel for a few days. Appellant sought medical attention for his breathing problems at Akron General Hospital where he was treated with an asthma protocol and diagnosed with breathing problems.
 {¶ 3} Appellant was dissatisfied with his treatment at Akron General and sought further medical attention at Akron City Hospital. Dr. Kevin Mooney treated Appellant at Akron City Hospital and diagnosed Appellant with bilateral vocal cord paralysis. Dr. Mooney could not identify the cause of the vocal cord paralysis and referred to it as idiopathic. Moreover, Dr. Mooney could not state to a reasonable degree of medical certainty that Appellant's vocal cord paralysis resulted from his work environment.
 {¶ 4} Dr. Roy Kerry testified on Appellee's behalf and opined that inhalation of some chemical substances, including a component of Ecocool, can cause irritation to the upper respiratory tract simply by being absorbed by the tissues. In this case, Dr. Kerry contended that Appellant is hypersensitive to Ecocool and that Appellant's vocal cord nerve absorbed the chemical substances which resulted in his paralysis.
 {¶ 5} Appellant filed a claim with the Bureau of Workers' Compensation ("BWC") in which he sought to participate in the insurance fund. The BWC denied Appellant's claim. Pursuant to R.C. 4123.512, Appellant appealed the adverse decision of the BWC to the Summit County Court of Common Pleas. The case was tried before a jury who returned a verdict denying Appellant the right to participate in the insurance fund. Appellant filed a Motion for Judgment Notwithstanding the Verdict and for a New Trial. The trial court overruled Appellant's motions on November 17, 2004. Appellant timely filed his notice of appeal on December 3, 2004, raising six assignments of error for our review.
 {¶ 6} We have rearranged the order of Appellant's assignments of error to facilitate our review.
 II. ASSIGNMENT OF ERROR III
"THE TRIAL COURT ERRED TO APPELLANT'S PREJUDICE AND OVER APPELLANT'S OBJECTION IN INCORRECTLY INSTRUCTING THE JURY ON THE EFFECT OF AN IDIOPATHIC CONDITION AND IN FAILING TO INSTRUCT THE JURY THAT APPELLANT WAS NOT REQUIRED TO PROVE FAULT OR NEGLECT ON THE PART OF THE EMPLOYER."
 {¶ 7} In his third assignment of error, Appellant contends that the trial court erroneously instructed the jury that the idiopathic cause defense applied to this case and that the jury could find for Appellees if there was no known medical explanation for Appellant's vocal cord paralysis. Appellant also claims that the trial court gave an erroneous instruction on the definition of "idiopathic." Appellant further argues that the trial court erred in failing to instruct the jury that Appellant was not required to prove that J.R. Wheel was negligent. We agree with Appellant's argument regarding the "idiopathic" jury instruction and therefore decline to address his remaining arguments.
 {¶ 8} A trial court must charge a jury with instructions that are a correct and complete statement of the law. Marshall v. Gibson (1985),19 Ohio St.3d 10, 12. However, the precise language of a jury instruction is within the discretion of the trial court. Youssef v. Parr, Inc.
(1990), 69 Ohio App.3d 679, 690. In reviewing jury instructions on appeal, this Court has previously stated:
"[A]n appellate court reviews the instructions as a whole. If, taken in their entirety, the instructions fairly and correctly state the law applicable to the evidence presented at trial, reversible error will not be found merely on the possibility that the jury may have been misled. Moreover, misstatements and ambiguity in a portion of the instructions will not constitute reversible error unless the instructions are so misleading that they prejudicially affect a substantial right of the complaining party." (Citations omitted.) Wozniak v. Wozniak (1993),90 Ohio App.3d 400, 410; see, also, Kokitka v. Ford Motor Co.
(1995), 73 Ohio St.3d 89, 93.
 {¶ 9} A trial court has no obligation to give jury instructions in the language proposed by the parties, even if the proposed instruction is an accurate statement of the law. Henderson v. Spring Run Allotment (1994),99 Ohio App.3d 633, 638. "Instead, the court has the discretion to use its own language to communicate the same legal principles." Id. Thus, absent an abuse of discretion, this court must affirm the trial court's language of the jury instructions. The phrase "abuse of discretion" connotes more than an error of judgment; rather, it implies that the trial court's attitude was arbitrary, unreasonable, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. OhioState Med. Bd., (1993), 66 Ohio St.3d 619, 621.
 {¶ 10} Appellant contends that the trial court erred in instructing the jury that:
"Defendants argue that the plaintiff's injuries [were] idiopathic, i.e., there's no known medical explanation, and, therefore, it was not work related."[1] Appellant claims that this instruction was erroneous because it informed the jury that they could find for the Appellees if there was no known or reported medical explanation for Plaintiff's paralysis. We will first address Appellant's challenge to the trial court's definition of "idiopathic" as it is dispositive of Appellant's other arguments.
 {¶ 11} The term "idiopathic" has two distinct meanings. As the parties' experts testified, for medical purposes, "idiopathic" is a term applied to diseases to indicate that their cause is unknown. However, Webster's Third New International Dictionary (1993), 1123, defines idiopathic as "peculiar to the individual." The latter definition is used in the realm of workers' compensation wherein idiopathic refers to an employee's pre-existing physical weakness or disease which contributes to an accident. Waller v. Mayfield (1988), 37 Ohio St.3d 118, 121, quoting 1 Larson, The Law of Workmen's Compensation (1985) 3-308, Section 12.00.
 {¶ 12} We find that the jury should have been instructed on the distinction between the medical and legal definitions of idiopathic. It is reasonable to infer from the trial court's instruction that the jury did not consider that a claimant may have had an idiopathic condition, i.e. a pre-existing physical weakness, and may have suffered a work related injury (exacerbated by the idiopathic condition) which is therefore compensable. The jury had no legal foundation to consider the case under the workers' compensation definition of "idiopathic", even though Appellant's case centers around the theory that he has a peculiar (idiopathic) sensitivity to the chemicals contained in the mist. In Appellant's trial brief, he argued:
"Assuming that Fitzgerald was predisposed to injury from exposure to chemicals, that is, if his injury resulted from an idiosyncratic toxicity, he is entitled to participate in the Workers' Compensation Fund."
The parties presented evidence evoking both definitions of "idiopathic", as Appellees argued that there was no medical explanation for Appellant's condition and Appellant contended that he had a particular sensitivity to the chemicals contained in the mist. We are mindful of the trial court's obligation to "fairly and correctly state the law applicable to the evidence presented at trial" and accordingly, we find that the trial court erred in failing to instruct the jury on the distinction between the definitions of "idiopathic." Wozniak,90 Ohio App.3d at 410.
 {¶ 13} Further, we find that the trial court erred in providing an instruction that was not a complete statement of the law. Marshall,19 Ohio St.3d at 12. The trial court provided an instruction on Appellees' "idiopathic" defense, but failed to provide the workers' compensation definition of "idiopathic" even though this is a workers' compensation case which centers around the term "idiopathic." A complete statement of the law regarding the idiopathic concept would necessarily include both the parties' definitions of "idiopathic."
 {¶ 14} An inadequate jury instruction that, in effect, misleads the jury constitutes reversible error. Sharp v. Norfolk W. Ry. Co.
(1995), 72 Ohio St.3d 307, 312, citing Marshall, 19 Ohio St.3d at 12. Here, the jury heard evidence that (1) Appellant had no breathing problems prior to working at J.R. Wheel, (2) Appellant was exposed to chemicals which may cause irritation to the respiratory system while working at J.R. Wheel and (3) Appellant suffered vocal cord paralysis soon after his exposure to the chemicals. Because Appellant was not required to prove that J.R. Wheel was negligent or at fault for his injury, but only had to prove that the origin of his injury was related to his work at J.R. Wheel and that he suffered the injury in the course of and arising out of his employment there, we are inclined to find that the trial court's instruction misled the jury. See Waller,37 Ohio St.3d at 122.
 {¶ 15} Because the trial court improperly instructed the jury on the definition of idiopathic, we find such instructions to be reversible error. Therefore, Appellant's third assignment of error is well-taken. This Court's decision upon Appellant's third assigned error necessitates remand to the trial court for a new trial. Consequently, we decline to address Appellant's remaining five assignments of error as they are now moot.
 ASSIGNMENT OF ERROR I
"THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTIONS FOR DIRECTED VERDICTS AND FOR JUDGMENT NOTWITHSTANDING THE VERDICT, AND IN NOT FINDING AS A MATTER OF LAW THAT APPELLANT IS ENTITLED TO PARTICIPATE IN THE WORKERS' COMPENSATION INSURANCE FUND."
 ASSIGNMENT OF ERROR II
"THE TRIAL COURT ERRED IN PERMITTING KEVIN TRANGLE, M.D., TO OFFER TESTIMONY AS A REPRESENTATIVE OF J.R. WHEEL BASED ON INADMISSABLE (SIC) HEARSAY, A SITE INSPECTION MADE FOUR YEARS AFTER THE EVENT, AND ON EVIDENCE FOR WHICH NO FOUNDATION HAD BEEN LAID."
 ASSIGNMENT OF ERROR IV
"THE TRIAL COURT ERRED IN ALLOWING APPELLANT'S CONVICTION FOR FORGERY IN 1996 TO BE OFFERED INTO EVIDENCE, OVER APPELLANT'S OBJECTION, FOR THE REASON THAT HIS CONVICTION WAS NOT RELEVANT OR MATERIAL TO HIS RIGHT TO PARTICIPATE IN THE WORKER[S'] COMPENSATION FUND, AND IT PREJUDICED AND INFLAMED THE JURY."
 ASSIGNMENT OF ERROR V
" APPELLEES ENGAGED IN PREJUDICIAL MISCONDUCT REQUIRING A NEW TRIAL WHEN THEY ALLOWED J.R. WHEEL'S PLANT MANAGER TO FLEE THE JURISDICTION TO AVOID TESTIFYING AT THE TRIAL AFTER HE HAD BEEN DULY SERVED WITH A SUBPOENA."
 ASSIGNMENT OF ERROR VI
"ASSUMING THAT APPELLANT IS NOT ENTITLED TO JUDGMENT NOTWITHSTANDING THE VERDICT, THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION FOR A NEW TRIAL."
 {¶ 16} Given this Court's resolution of Appellant's third assignment of error, his remaining assignments of error are moot, and this Court declines to address them. See App. R. 12(A)(1)(c).
 III. {¶ 17} Appellant's third assignment of error is sustained. Appellant's remaining assignments of error are moot and we decline to address them. The judgment of the Summit County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellees.
Exceptions.
Carr, P.J. Batchelder, J. concur.
[1] In order to provide context to the discussion, we note that the trial court gave the following instruction immediately before reading the "idiopathic" instruction:
"Now, the claim. The plaintiff claims that between late March 2000 and April 4, 2001, he was exposed to a mist or an aerosol containing [an] Ecocool mixture that was disbursed into the air which caused bilateral vocal cord paralysis in the course of and arising out of his employment with [J.R.] Wheel."
Immediately following the "idiopathic" instruction, the court stated:
"Now, the issues in this case. The issue you must decide is whether or not the plaintiff is entitled to participate in the Worker[s'] Compensation fund of Ohio. The plaintiff must prove the following: [t]hat the plaintiff was employed by [J.R.] Wheel and he worked for [J.R.] Wheel from about March 20, 200[0], to April 12, 2000.
" * * *
"And, two, that the origin of the injury was work related. And three, that plaintiff suffered an injury in the course of and arising out of his employment with [J.R.] Wheel."