OPINION
{¶ 1} Plaintiff-appellant Scottie-Spence, Jr., a minor by his mother and next best friend, Patricia Spence, appeals the June 17, 2005 Judgment Entry entered by the Tuscarawas County Court of Common Pleas, General Trial Division, which rendered judgment in favor of defendant-appellee Lisa Ann Turner, following a jury trial.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On September 27, 2003, appellee was driving a Ford Ranger pickup truck eastbound on First Street in Strasburg, Tuscarawas County, Ohio, approaching the intersection of Leoffler Drive. At the same time, 9 year old appellant Scottie Spence was riding his bicycle southbound on Leoffler Drive, approaching the intersection of First Street. Leoffler Drive has a stop sign instructing traffic to stop and yield to oncoming traffic before entering the intersection of Leoffler Drive and First Street. First Street does not have a stop sign at Leoffler. Scottie rode his bicycle through the stop sign, across the sidewalk, over the apron, and onto First Street across the westbound lane and into the eastbound lane. Appellee's pickup truck struck Scottie, knocking the bicycle to the ground and dragging the boy and the bike before it came to a complete stop. Scottie was life-flighted to Akron Children's Hospital, suffering from a concussion and a broken leg.
 {¶ 3} On December 11, 2003, appellant by his mother and next best friend, Patricia Spence, filed a Complaint in the Tuscarawas County Court of Common Pleas, naming appellee as defendant and seeking damages as a result of the injuries Scottie sustained in the September 27, 2003 accident. The matter proceeded to jury trial on the issue of negligence on June 16, 2005. The jury returned a verdict in favor of appellee. The trial court memorialized the jury's verdict via Judgment Entry filed June 17, 2005.
 {¶ 4} It is from this judgment entry appellant appeals, raising the following assignments of error:
 {¶ 5} "I. THE TRIAL COURT ERRED BY REFUSING TO GIVE THE JURY A PROPOSED JURY INSTRUCTION THAT THE DEFENDANT HAD A HEIGHTENED DUTY TO EXERCISE ORDINARY CASE.
 {¶ 6} "II. THE TRIAL COURT ERRED BY GIVING THE JURY CORRECT INSTRUCTIONS OF THE LAW THAT WERE INAPPLICABLE TO THE CASE.
 I {¶ 7} In his first assignment of error, appellant maintains the trial court erred in refusing to instruct the jury appellee had a heightened duty to exercise ordinary care as appellant had proposed. We disagree.
 {¶ 8} A trial court is required to provide the jury a plain, distinct, and unambiguous statement of the law applicable to the evidence presented by the parties to the trier of fact. Marshallv. Gibson (1985), 19 Ohio St.3d 10, 12. Ordinarily, requested instructions should be given if they are correct statements of the law applicable to the facts in the case and reasonable minds might reach the conclusion sought by the instructions. Murphy v.Carrollton Mfg. Co. (1991), 61 Ohio St.3d 585, 591. The Ohio Supreme Court has established, as a rule of law, "correct and pertinent" requests to charge must be given to the jury, either as specifically proposed, or within the substance of the general charge. State v. Perryman (1976), 49 Ohio St.2d 14, 29.
 {¶ 9} An appellate court must review the challenged or omitted instructions within the context of the entire charge and not in and of itself. State v. Hardy (1971), 28 Ohio St.2d 89,92. A trial court can be found to have committed reversible error only where it can be found the instructions given misled the jury. Kokitka v. Ford Motor Co. (1995), 73 Ohio St.3d 89, 93.
 {¶ 10} The trial court instructed the jury as follows:
 {¶ 11} "What is negligence? Negligence is a failure to use ordinary care. Every person is required to use ordinary care to avoid injuring another person or another's property. Ordinary care is the care that a reasonably cautious, careful or prudent person would use under the same or similar circumstances.
 {¶ 12} "The amount of care increases in proportion to the danger that reasonably should be foreseen. Ordinary care is a relative term. The test, though, is still ordinary care under the circumstances.
 {¶ 13} "Children do not exercise the same degree of care fortheir own safety as do adults. In the exercise of ordinary carethe defendant should anticipate the ordinary behavior of childrenof the same or similar age as would be anticipated by a person ofordinary care under the same circumstances. The defendant mustexercise a degree of care consistent with such circumstances. In applying this standard, you should determine whether the defendant saw, or should have seen, such child, decide the apparent age of the child, what actions the child did or did not do and what actions defendant did or did not do, and using the rule of ordinary care, decide whether or not defendant was negligent.
 {¶ 14} "If you find that defendant did not see, or in the exercise of ordinary care she could not have seen the child in time to avoid the injury, or if under all the facts and circumstances in the exercise of ordinary care she could not have avoided injury to the child, then the defendant was using ordinary care under all the facts and circumstances and was not negligent in this respect.
 {¶ 15} "* * *
 {¶ 16} "Every driver has the right to assume, in the absence of notice or knowledge to the contrary that others on the highway will observe the law and use ordinary care. Both parties had the right to assume, in the absence of notice or knowledge to the contrary, that the other would obey all traffic laws. Action by a person based upon the assumption that others will obey the statutes is not a failure to use ordinary care, unless such person has notice or knowledge that the other party is proceeding in violation of a statute.
 {¶ 17} "* * *
 {¶ 18} "The conduct of a child is not measured by the same rules that apply to adults. The measure of care required of plaintiff is that degree of care which a boy of ordinary care and prudence and of the same age, capacity, education and experience would exercise for his own safety under the same or similar circumstances. First, decide what plaintiff did or did not do, what his capacity, education and experience was, what the conditions and circumstances were and then apply this rule and decide whether plaintiff exercised the degree of ordinary care required of him. The rule regulating the measure of care by children applies even when a child may have violated a specific statute. Ohio law requires that a person must obey the instructions of a traffic control device, in this case a stop sign. Generally, when a statue imposes a specific requirement as this one does, a violation is negligence as a matter of law. However, whether such violation, if any, by plaintiff constitutes negligence is an issue of fact to be determined by you according to the measure of care applicable to boys as the Court has just instructed you and not by the specific terms of the statute." Transcript, p. 25, ln. 12-p. 28, In. 28, emphasis added.
 {¶ 19} Appellant proposed the following instruction:
 {¶ 20} "NEGLIGENCE AND ORDINARY CARE
 {¶ 21} "What is negligence? Negligence is failure to use ordinary care. Every person is required to use ordinary care to avoid injuring another person or another's property.
 {¶ 22} "The degree of care required by a motorist is controlled by and depends on the place, circumstances, surroundings and conditions. In cases where the driver of a motor vehicle knows the presence of children in, near or adjacent to a street or highway or should know that children should reasonably be expected to be in the vicinity, a driver is under a heightened duty to exercise ordinary care for the safety of the child or children.
 {¶ 23} "Ordinary care in the case of a child is different from that in a case of an adult. Conduct of children is not gaged [sic] by the same rules as those that determine the negligence of adults. Ordinary care to avoid injuries is the degree of care which children of the same age, education, and experience, or ordinary care and prudence, are accustomed to exercise under the same or similar circumstances."
 {¶ 24} Upon review, we find the instruction as given by the trial court adequately conveys a driver's need for a greater level of care for the safety of children. Although the trial court did not charge the jury as specifically proposed by appellant in that it did not use the term "heightened" when referring to appellee's standard of care, we find the substance of the proposed instruction was incorporated in the trial court's charge. We find no error in the trial court's failure to give the instruction exactly as proposed by appellant.
 {¶ 25} Appellant's first assignment of error is overruled.
 II {¶ 26} In his second assignment of error, appellant contends the trial court gave jury instructions which were incorrect statements of the law as it applies to this case.
 {¶ 27} We note appellant has not referenced where in the record he objected. We have reviewed the record and find an objection was not made. Having failed to object to the instruction, appellant has waived this issue on appeal to this court.
 {¶ 28} Appellant's second assignment of error is overruled.
 {¶ 29} The judgment of the Tuscarawas County Court of Common Pleas is affirmed.
Hoffman, P.J., Edwards, J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Tuscarawas County Court of Common Pleas is affirmed. Costs assessed to appellant.