[Cite as *Willis v. Road King Trucking, L.L.C.*, 2024-Ohio-5921.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Kaylee Willis,                                          :

     Plaintiff-Appellant,                          :

                                            No. 23AP-436
v.                                                     :
                                          (C.P.C. No. 19CV-3278)

Road King Trucking, LLC et al.,                        :                    (REGULAR CALENDAR)

     Defendants-Appellees                          :

---

D E C I S I O N

Rendered on December 19, 2024

---

**On brief:** *Law Office of David A. Bressman, David A. Bressman*, and *Jedidiah I. Bressman*, for appellant. **Argued:** *David A. Bressman.*

**On brief:** *Weston Hurd, LLP*, *Claudia L. Spriggs*, and *Adelia A. Mohan*, for appellees. **Argued:** *Claudia L. Spriggs.*

---

APPEAL from the Franklin County Court of Common Pleas

BEATTY BLUNT, J.

{¶ 1} In this personal injury case, plaintiff-appellant, Kaylee Willis ("appellant") appeals from the verdict entered in favor of defendants-appellees, Road King Trucking, LLC ("Road King") and Rajbir Singh ("Singh") (collectively, "appellees") after a jury trial in the Franklin County Court of Common Pleas. For the following reasons, we affirm the judgment of the trial court.

## I. Facts and Procedural History

{¶ 2} This case arises out of a multi-vehicle collision which occurred on October 21, 2018 on I-270 North. There were four vehicles and operators thereof involved in the collision as follows: 1) appellant, driving a Chrysler Pacifica (this is a minivan); 2) appellee Singh, driving a Volvo tractor with a trailer attached; 3) non-party Estanislao Velazquez,

driving a Ford F-150 pickup truck; and 4) non-party George Thomas (with his wife Cecelia Thomas as a passenger), driving a Jeep Wrangler.

{¶ 3} Trial commenced on Monday, June 5, 2023. At trial, appellant, Singh, and Velazquez all testified in person. The testimony of George Thomas and the testimony of Cecelia Thomas was admitted via video deposition. The testimony of appellant, Singh, Velazquez, and George Thomas all conflicted with one another in at least some ways.

{¶ 4} Appellant testified that she entered I-270 Northbound and transitioned immediately into the far-left lane, i.e., the "passing" lane. Appellant testified that once in that lane, she was following the vehicle in front of her when that vehicle abruptly stopped. Appellant testified that she had to bring her vehicle to an abrupt and complete stop because all of the other drivers in her lane were stopping their vehicles because there was something in the roadway. She was able to stop without hitting the vehicle in front of her. According to appellant, the tractor-trailer being operated by Singh then hit her vehicle from behind.

{¶ 5} Velazquez testified that immediately before the collision, he was traveling in the next-to-left hand lane. Velazquez testified that he had to suddenly slow his vehicle— but not actually stop—to avoid hitting some kind of material which had fallen off a trailer in front of him and which landed in the roadway. He did not hit anything, including either the trailer or the material in the roadway. He also testified that he was rear-ended and felt an "impact coming from the rear side of the vehicle." (June 9, 2023 Tr. Vol. 5 at 469.)

{¶ 6} Singh testified that he was in the next-to-left hand lane immediately before the collision. He testified that he saw appellant's vehicle collide with another car to Singh's right, somewhere in the two right-hand lanes, whereupon appellant's vehicle then entered the lane in which Singh was travelling directly in front of him. Singh testified he was unable to avoid hitting the rear of appellant's vehicle because it suddenly appeared in front of him as it had made a sudden lane change.

{¶ 7} Finally, George Thomas testified via video deposition that he was always operating his vehicle in the far-right lane. He collided with appellant's vehicle after it suddenly appeared in a perpendicular fashion in front of his vehicle, after it had moved from his left to the far-right lane in which he was traveling.

{¶ 8} On June 9, 2023, the jury returned a verdict in favor of appellees and against appellant, with six of eight jurors finding appellees were not negligent. Based on the jury's

finding of no negligence, the jury did not consider the issue of damages. On July 12, 2023, the trial court journalized the jury's verdict. (July 12, 2023 Jgmt. Entry.)

{¶ 9} On July 19, 2023, appellant timely filed a notice of appeal, which is now before the court.

## II. Assignments of Error

{¶ 10} Willis asserts the following five assignments of error for our review:

(1) The trial court committed reversible error by instructing the jury that Estanislao Velazquez and/or an unknown operator of a vehicle and trailer could be found as the cause of the truck wreck when there was insufficient evidence to support the jury charge.

(2) The trial court committed reversible error by allowing the use of the deposition of non-party Velazquez to "refresh" his recollection when such was, in fact, not used to refresh but rather was used to lead the witness's trial testimony.

(3) The trial court committed reversible error by permitting Plaintiff to be impeached through the use of traffic tickets for speeding when the probative value of same was outweighed by the prejudice upon the jury in a disputed liability case.

(4) The trial court committed reversible error by excluding portions of Patricia Bacon D.O.'s [one of Plaintiff's treating physicians] trial testimony based solely upon Dr. Bacon not actually treating Plaintiff at an emergency room.

(5) The cumulative effect of the trial court's errors denied Plaintiff Kaylee Willis a fair trial.

(Brackets in original.)

## III. Discussion

### A. Assignment of Error Number One

{¶ 11} In appellant's first assignment of error, she asserts the trial court committed reversible error by instructing the jury that Estanislao Velazquez and/or an unknown operator of a vehicle and trailer could be found as the cause of the accident when there was insufficient evidence to support the jury charge. We disagree.

**{¶ 12}** The issue of whether a jury instruction is legally correct and factually warranted is subject to de novo review. *Father's House Internatl., Inc., v. Kurguz*, 10th Dist. No. 15AP-1046, 2016-Ohio-5945, ¶ 11, citing *Cromer v. Children's Hosp. Med. Ctr. of Akron*, 142 Ohio St.3d 257, 2015-Ohio-229, ¶ 22. "An inadequate instruction that misleads the jury constitutes reversible error." *Id.*, citing *Marshall v. Gibson*, 19 Ohio St.3d 10, 12 (1985). When it is claimed that improper jury instructions were given, an appellate court must "consider the jury charge as a whole and determine whether the charge misled the jury in a manner affecting the complaining party's substantial rights." *Id.*, citing *Dublin v. Pewamo Ltd.*, 10th Dist. No. 10AP-499, 2011-Ohio-1758, ¶ 28, citing *Kokitka v. Ford Motor Co.*, 73 Ohio St.3d 89, 93 (1995).

**{¶ 13}** In this case, the jury instruction to which appellant objected is as follows:

> The defendant claims that the plaintiff's injury was caused by the negligence of others, including Estanislao Velazquez and/or an unknown operator of a vehicle and trailer, who are persons from whom the plaintiff is not seeking recovery in this case.

(June 9, 2023 Jury Instructions at 7.) The trial court gave the instruction over appellant's objection, reasoning that the testimony of Velazquez was "enough to at least indicate there may have been another -- there was enough evidence where the jury could infer that the cause of the accident was due to someone else." (Tr. Vol. 5 at 519.) The transcript shows this is accurate. Velazquez was very clear that the reason he had to suddenly slow down his vehicle was because material was falling off the trailer in front of him into the roadway. It is true that Velazquez testified that he was able to avoid the material in the roadway and was able to do so without hitting the trailer in front of him. But from that testimony it does not necessarily follow that all other drivers of vehicles should have been able to stop as well.

**{¶ 14}** Furthermore, the Assured Clear Distance Ahead ("ACDA") statute, set forth in R.C. 4511.21, gives an exception for sudden emergency in addition to the exception for when the assured clear distance being maintained is suddenly reduced, such as when another vehicle makes an abrupt lane change into one's lane of travel. This is exactly what Singh testified happened in this case: that it was appellant who abruptly changed lanes in front of him.

{¶ 15} In any event, appellant, Velazquez, and Singh each testified that there was material in the roadway and/or at least on the shoulder. Therefore, the jury should rightly have been able to consider whether Velazquez and/or the operator of the trailer dropping the material into the roadway may have been the cause of the collisions in the first instance, especially considering that the testimony of all the witnesses conflicted with one another.

{¶ 16} Therefore, we find this jury instruction was legally correct and factually warranted. Notably, the jury instruction on ACDA pursuant to R.C. 4511.21 was also given at appellant's request. Considering the jury charge as a whole, the contributory negligence instruction did not mislead the jury "in a manner affecting the complaining party's substantial rights." (Citations omitted.) *Father's House Internatl., Inc.*, 2016-Ohio-5945, at ¶ 11.

{¶ 17} Accordingly, appellant's first assignment of error is overruled.

### B. Assignment of Error Number Two

{¶ 18} In her second assignment of error, appellant asserts the trial court committed reversible error by allowing the use of the deposition transcript of non-party Velazquez to "refresh" his recollection when such was, in fact, not used to refresh but rather was used to lead the witness's trial testimony. This assignment of error has no merit.

{¶ 19} The law is well settled that an appellate court reviews evidentiary matters under an abuse of discretion standard. *O'Brien v. Ohio State Univ.*, 10th Dist. No. 06AP-946, 2007-Ohio-4833, ¶ 7, citing *State v. Drummond*, 111 Ohio St.3d 14, 2006-Ohio-5084, ("[T]he admission or exclusion of relevant evidence rests within the sound discretion of the trial court."), quoting *State v. Sage*, 31 Ohio St.3d 173 (1987), paragraph two of the syllabus. "An abuse of discretion is more than an error of law or judgment; rather, it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable, or that there was "no sound reasoning process" to support the trial court's ruling." (Further citations omitted.) *Id.*

{¶ 20} Here, the trial transcript shows that the deposition testimony of Velazquez was not utilized to lead the witness but was instead used to refresh the recollection of the witness. Indeed, during the direct examination of Velazquez, counsel for appellant neither objected to the form of questioning nor lodged an objection based on leading the witness. Rather, appellant counsel's objection to the use of the transcript was premised upon the

fact that the transcript had not been filed at least a day before trial and had not otherwise been provided to counsel or his client more than a day prior to Velazquez' testimony. "Alleged errors which arise during the course of a trial, which are not brought to the attention of the court by objection or otherwise, are waived and may not be raised upon appeal*." Badescu v. Badescu*, 10th Dist. No. 18AP-947, 2020-Ohio-4312, ¶ 25, quoting *Dillon v. Waller*, 10th Dist. No. 95APE05-622, 1995 Ohio App. LEXIS 5860, *11 (Dec. 26, 1995), citing *Stores Realty Co. v. Cleveland*, 41 Ohio St.2d 41, 43 (1975); *see also Sparks v. Klempner*, 10th Dist. No. 11AP-242, 2011-Ohio-6456, ¶ 24, citing *Niskanen v. Giant Eagle, Inc.*, 122 Ohio St.3d 486, 2009-Ohio-3626, ¶ 34 ("A party who fails to raise an argument before the trial court waives its right to assert that argument in the appellate court."). Because appellant did not object or otherwise raise this argument before the trial court, we find the alleged error is waived for purposes of this appeal.

{¶ 21} Accordingly, we overrule appellant's second assignment of error.

### C. Assignment of Error Number Three

{¶ 22} Appellant asserts in her third assignment of error that the trial court erred by permitting appellant to be impeached through the use of traffic tickets issued for speeding when the probative value of same was outweighed by the prejudice upon the jury. We disagree.

{¶ 23} As previously set forth under our discussion of appellant's second assignment of error, an appellate court reviews evidentiary matters under an abuse of discretion standard. (Further citations omitted.) *O'Brien*, 2007-Ohio-4833, at ¶ 7.

{¶ 24} In this case, counsel for appellee briefly cross-examined appellant regarding two traffic citations she received after the vehicle accident at the center of this case. This evidence was introduced in response to appellant's testimony on direct examination that she was extremely fearful of driving for about a year after the accident; that she is "very, very cautious" when she drives a car, especially with her son as a passenger (June 6, 2023 Tr. Vol. 2 at 66); that she still has a fear of driving and/or anxiety while driving now; and that she will always have some fear and anxiety driving because she was traumatized as a result of the accident. After counsel for appellant objected to the use of the traffic citations, the trial court determined that the use of the citations was not merely prejudicial but was

also "highly probative of whether or not [appellant] has anxiety regarding driving due to this accident." (Tr. Vol. 2 at 126.)

{¶ 25} Upon consideration, we agree with the trial court's assessment. It is clear from the transcript of appellant's testimony that the evidence of the traffic citations was used to impeach appellant's claims that as a result of the accident, she continued to suffer from fear and anxiety when she drives, even as of the time of the trial. We find that the probative use of the traffic citations was not outweighed by their potential prejudice. In short, the traffic citations were properly admitted for impeachment purposes, and the trial court did not abuse its discretion and otherwise err in making this determination.

{¶ 26} Accordingly, appellant's third assignment of error is overruled.

### D. Assignment of Error Number Four

{¶ 27} In her fourth assignment of error, appellant asserts the trial court committed reversible error by excluding portions of Patricia Bacon, D.O.'s trial testimony based solely upon Dr. Bacon not actually treating Plaintiff at an emergency room. This assignment of error is readily dispensed with.

{¶ 28} In this case, appellant offered the deposition testimony of Dr. Bacon in support of appellant's claim that appellant suffered injury as a result of appellees' alleged negligence. But because the jury ultimately found no negligence on the part of appellees, the jury never reached the issue of damages. Therefore, Dr. Bacon's testimony would not have been relevant to the jury's deliberations in any event.

{¶ 29} Moreover, while a portion of Dr. Bacon's testimony regarding whether appellant's treatment at the hospital was reasonable and necessary was excluded as inadmissible, as conceded by appellant, the entirety of Dr. Bacon's medical records was nonetheless admitted into evidence. (*See* Brief of Appellant at 31; June 7, 2023 Vol. 3 Tr. at 292.) Therefore, even if any error was committed by excluding certain portions of Dr. Bacon's testimony, such error was harmless because the jury never reached the issue of damages.

{¶ 30} Accordingly, appellant's fourth assignment of error is overruled.

### E. Assignment of Error Number Five

{¶ 31} In appellant's fifth assignment of error, she asserts the cumulative effect of the trial court's errors deprived her of a fair trial. This assignment of error is meritless.

{¶ 32} Under the doctrine of cumulative error, an appellate court will reverse a criminal conviction if "the cumulative effect of errors in a trial deprives a defendant of a fair trial even though each of the numerous instances of trial-court error does not individually constitute cause for reversal." *State v. Powell*, 132 Ohio St.3d 233, 2012-Ohio-2577, ¶ 223. However, we have repeatedly found that the doctrine of cumulative error does not typically apply to civil cases. *Jenkins v. Grawe*, 10th Dist. No. 16AP-804, 2019-Ohio-2013, ¶ 59; *Huntington Natl. Bank v. Haehn*, 10th Dist. No. 17AP-342, 2018-Ohio-4837, ¶ 55; *Jarvis v. Hasan*, 10th Dist. No. 14AP-578, 2015-Ohio-1779, ¶ 92; *Stanley v. Ohio State Univ. Med. Ctr.*, 10th Dist. No. 12AP-999, 2013-Ohio-5140, ¶ 124; *Bogdas v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 09AP-466, 2009-Ohio-6327, ¶ 43; *In re Guardianship of Clark*, 10th Dist. No. 09AP-96, 2009-Ohio-3486, ¶ 27. Furthermore, where there is no error, harmless or otherwise, there can be no cumulative error. *See Bogdas* at ¶ 43.

{¶ 33} In this case, as discussed above, we have already found no error regarding appellant's other assignments of error. As stated above, where there is no error, there can be no cumulative error. Therefore, we find no cumulative error in this matter.

{¶ 34} Accordingly, we overrule appellant's fifth assignment of error.

## IV. Disposition

{¶ 35} Having overruled each of appellant's five assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

MENTEL, P.J. and LELAND, concur.

———————————