DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Valleaire Golf Club, Inc. ("Valleaire"), appeals from a judgment entered on a jury verdict for Appellee, Robert Conrad d.b.a. Irrigation Engineering Service Company ("Conrad"). We affirm.
 I. {¶ 2} On April 9, 1997, Valleaire and Conrad entered into a written contract for the construction and installation of an irrigation system at Valleaire's golf course in Hinkley, Ohio. Conrad began the installation in August of 1997 and completed it during May of 1998. During the following golf seasons, numerous leaks developed in the irrigation system, causing water to pool on the golf course. Pursuant to his agreement in the contract to make repairs and/or correct defects in the irrigation system, Conrad came back to correct these problems for several seasons. The repairs would typically require Conrad to dig a hole which would necessitate replanting grass and several weeks until the grass was re-established at each spot. Apparently after Conrad stopped making repairs in November 2000, Valleaire filed this action, alleging claims for breach of contract.[1]
 {¶ 3} Following a jury trial, the trial court entered judgment for Conrad in accordance with the jury's verdict. Valleaire appeals and raises two assignments of error.
 II. First Assignment of Error "The Trial Court Committed reversible error in failing to allow thejury to determine whether the parties' contract was predominantly for thesale of goods or services."
 {¶ 4} Valleaire asserted in the trial court that its contract with Conrad was predominantly one for the sale of goods and that, consequently, it was entitled to the remedies set forth in Article Two of the Uniform Commercial Code. On appeal, it asserts that the trial court erred when it failed to allow the jury to decide whether the contract was predominantly a contract for services or one for the sale of goods.
 {¶ 5} The trial judge found that the dispute at issue was not a UCC matter, explaining that "what you have, after construing the evidence offered by [Valleaire], what you have is a contract for the installation of the piping. The piping was clearly essential to the contract, but the real thing [Valleaire] wanted [Conrad] to do was to install the pipe correctly."
 {¶ 6} Counsel for Valleaire had argued to the trial court that it was for the jury to determine the predominant purpose of the contract, pointing to Wooster Products, Inc. v. Magna-Tek, Inc. (Apr. 25, 1990), 9th Dist. No. 2462. In Wooster Products, this Court explained:
"Where a contract is for both goods and services, Article Two will apply where the predominant factor and purpose of the contract is the sale of goods with services [incidentally] involved.
"Ohio courts have yet to address the issue of whether it is improper for the trial court to submit to the jury the issue of whether a particular transaction is a contract for the sale of goods within the scope of Article Two. Generally, other jurisdictions have held that whether a mixed contract is predominantly one for the sale of goods is a factual question to be determined by a review of the contractual language and the circumstances surrounding its formation and contemplated performance. Where, however, there are no disputed facts that raise issuesto be decided by the jury, it is proper for the trial court to rule as amatter of law on whether the contract is covered by Article Two." (Citations omitted and emphasis added.)
 {¶ 7} The trial judge specifically asked Valleaire, "[W]hat is the disputed fact in this case, based so far on our evidence?" Counsel for Valleaire failed to point to any disputed facts but instead asserted that "it is a close call" because nearly fifty percent of the contract price was attributable to the cost of the materials and a close call should be decided by the jury, not the trial judge. The fact that the facts presented a "close call" merely demonstrated that the issue was a factual question, not that it was one that could not be decided by the trial judge under Wooster Products. In Wooster Products and the other cases cited by Valleaire, the facts were not merely close, they were disputed. Because Valleaire did not demonstrate to the trial court that there were disputed facts regarding the predominant purpose of this contract, it failed to demonstrate to the trial court that this was a jury issue. Consequently, Valleraire has failed to demonstrate that the trial court erred in deciding this issue. The first assignment of error is overruled.
 Second Assignment of Error "The Trial Court committed reversible error when it refused to permitthe jury to consider evidence of valleaire's lost profits."
 {¶ 8} Valleaire contends that the trial court erred by failing to instruct the jury on the issue of lost profits. A trial court's failure to give a proposed jury instruction is reversible error only if the party demonstrates not only that the trial court abused its discretion but also that it was prejudiced by the trial court's refusal to give the proposed instruction. Jaworowski v. Medical Radiation Consultants (1991),71 Ohio App.3d 320, 327. Prejudice is "[d]amage or detriment to one's legal rights or claims." Black's Law Dictionary (7 Ed. 1999) 1198.
 {¶ 9} Even if an instruction on lost profits had been warranted by the evidence presented in this case, Valleaire cannot demonstrate that it was prejudiced by the trial court's failure to give such an instruction. The jury entered a verdict for defendant Conrad after the trial court instructed it that it should enter a verdict for Valleaire if it found that Conrad breached the express contract or any implied promises that Conrad made to Valleaire. Consequently, the jury found that Valleaire had failed to establish a breach of contract by Conrad. Given that verdict, the jury could not have awarded lost profits even if an instruction had been given. The second assignment of error is overruled.
 III. {¶ 10} The assignments of error are overruled and the judgment of the trial court is affirmed.
Judgment Affirmed.
Slaby, P.J. and Carr, J., concur.
[1] Although other defendants were joined in the action, they were granted directed verdicts at trial and are not parties to this appeal.