DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Plaintiffs-Appellants, Mary and Jerry Nails, appeal the order of the Medina County Court of Common Pleas that entered judgment in favor of Defendants-Appellees, Perrin Asphalt and Jean S. Pisaraski, following a jury trial in this negligence action. We affirm.
 {¶ 2} On May 23, 2003, Mary Nails came upon the scene of an accident near a worksite where Perrin Asphalt was performing resurfacing work. Mrs. Nails decided to assist those involved in the accident and approached the scene on foot. As she drew near, another vehicle approached. Sensing that another *Page 2 
collision was imminent, Mrs. Nails walked away from the scene, but fell into a ditch and sustained injury to her ankle.
 {¶ 3} Mrs. Nails filed this action against Perrin Asphalt on May 6, 2005, alleging that the company negligently failed to warn drivers that its work was blocking a portion of the roadway, causing "a multiple car chain reaction accident" that ultimately resulted in her injuries. Mrs. Nails also sued the driver of the approaching vehicle, Jean S. Pisaraski, alleging negligent operation of a motor vehicle. Her husband, Jerry Nails, alleged loss of consortium as a result of the accident. Perrin Asphalt and Ms. Pisaraski answered the complaint and each cross-claimed against the other for indemnification and contribution in the event that one or the other was found to be liable for Mrs. Nails' injuries.[1]
 {¶ 4} The matter proceeded to a jury trial which lasted approximately four days, after which the jury returned a verdict finding that Perrin Asphalt was not negligent in connection with the course of events surrounding Mrs. Nails' injuries and Ms. Pisaraski's negligence, which was stipulated, did not proximately result in Mrs. Nails' injuries. Mr. and Mrs. Nails appealed, asserting two assignments of error. *Page 3 
 ASSIGNMENT OF ERROR I "The trial court erred in giving a contributory negligence instruction rather than a comparative fault instruction concerning assumption of the risk by appellant."
 {¶ 5} In their first assignment of error, Mr. and Mrs. Nails argue that the trial court abused its discretion by instructing the jury regarding comparative negligence. Specifically, Mr. and Mrs. Nails maintain that the trial court wrongly instructed the jury "that if [Mrs. Nails] had assumed the risk that a verdict should be entered in favor of the defendants."
 {¶ 6} A review of the jury instructions in this case, however, indicates that no such instruction was given. With respect to the contributory negligence and assumption of the risk, the trial court instructed the jury as follows:
 "The Court instructs you, as a matter of law, that a party who seeks to establish negligence must prove by a preponderance of the evidence that the party who is claimed to be negligent violated a duty owed to the plaintiff and that the violation of such a duty was a proximate cause of a foreseeable injury. The Court further instructs you that while the plaintiffs must show by a preponderance of the evidence that either or both of the defendants were negligent, and that such negligence was the proximate cause of their injuries, the defendants must show by a preponderance of the evidence that the plaintiff, Mary Nails, either assumed the risk of her own injury by the negligence of others and/or that she contributed by her own negligence to her own injury.
 * * *
 "The defendants claim that the plaintiff, Mary Nails, impliedly assumed the risk of injury. The plaintiff impliedly assumed the risk of injury if she had knowledge of the condition that was obviously dangerous to her, and voluntarily exposed herself to that risk of injury. *Page 4 
 "The defendants claim that the plaintiff was negligent. The plaintiff was negligent if she failed to use that care for her own safety which a reasonably cautious person would use under the same or similar circumstances. The plaintiff is required to use ordinary care to discover and avoid injury.
 "A person is negligent if she looks, but does not see, that which would have been seen by a reasonably cautious person under the same or similar circumstances. A person is negligent when she does not continue to look if, under the circumstances, a reasonably cautious person would have continued to look.
 * * *
 "If you find that either or both of the defendants were negligent and that such negligence was the proximate cause of injury to Mary Nails, and that Mary Nails was not either contributorily negligent and/or had not assumed the risk of her own injury, you may also determine whether the injury to Mary Nails deprived Jerry Nails of her society, companionship, and comfort, and what would be the proper amount of compensation for such loss."
 {¶ 7} The substance of their argument, therefore, appears to relate to the content of interrogatories submitted to the jury rather than the jury instructions themselves. Although the record does contain reference to an objection by Mr. and Mrs. Nails' counsel to "the interrogatory concerning assumption of risk" and to language that may have been reflected in such an interrogatory, the source of the language is unclear from the ensuing conversation between the trial court and counsel:
 "[Counsel for Plaintiffs]: I object to the interrogatory concerning assumption of risk.
 "I did not have a chance to see the Court's interrogatories. Do you find Mary Nails assumed the risk, yes or no.
 "What percentage is her negligence. *Page 5 
 "The Court: Isn`t that assumption of risk? You want me to read that?
 "[Counsel for Plaintiffs]: Yes. Is her negligence fifty-one percent, or not, yes or no.
 "If it would be less than fifty-one percent, what percentage by assumption of the risk do you find for Mrs. Nails.
 "[Counsel for Plaintiffs]: I would ask the Court to approve the jury instructions that I filed.
 "The Court: Overruled."
Unfortunately, the record on appeal does not contain the interrogatories propounded to the jury and indicates only that the jury found that Perrin Asphalt was not negligent and that Ms. Pisaraski's negligence did not proximately result in injury to Mrs. Nails. As a result, the alleged error assigned by Mr. and Mrs. Nails does not appear in the record on appeal.
 {¶ 8} An appellant bears the related responsibilities of providing an adequate record on appeal and demonstrating error by directing this court's attention to relevant portions of the record. See App.R. 9(B) and App.R. 16(A)(7). See, also, Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199. Mr. and Mrs. Nails have failed with respect to this burden, and this court must therefore presume regularity in the trial court's proceedings. See Knapp, 61 Ohio St.2d at 199. Mr. and Mrs. Nails' first assignment of error is overruled. *Page 6 
 ASSIGNMENT OF ERROR II
"The court erred by failing to give a rescue instruction."
 {¶ 9} In the second assignment of error, Mr. and Mrs. Nails maintain that the trial court erred by declining to provide the jury with instruction regarding the "rescue doctrine." Specifically, they argue that the evidence put forth at trial demonstrates that the victim to whom Mrs. Nails hoped to render aid remained in peril because the series of accidents had not yet run its course. Once again, however, Mr. and Mrs. Nails have failed to provide this court with a complete record in support of this assignment of error.
 {¶ 10} Jury instructions must state the law completely and correctly, and an instruction that misleads the jury constitutes reversible error.Groob v. KeyBank, 108 Ohio St.3d 348, 2006-Ohio-1 189, at ¶ 32, citingMarshall v. Gibson (1985), 19 Ohio St.3d 10, 12. "A charge to the jury should be a plain, distinct and unambiguous statement of the law as applicable to the case made before the jury by the proof adduced."Marshall, 19 Ohio St.3d at 12, citing Parmalee v. Adolph (1875),28 Ohio St. 10, paragraph two of the syllabus. A trial court's decision regarding whether the evidence produced at trial warrants a particular jury instruction is reviewed for an abuse of discretion. Zangrando v.Kuder, 9th Dist. No. 22448, 2006-Ohio-1549, at ¶ 8, citing State v.Wolons (1989), 44 Ohio St.3d 64, paragraph two of the syllabus. Accordingly, a party must demonstrate not merely that the trial court's omission or inclusion of a jury instruction was an error *Page 7 
of law or judgment, but that the court's attitude was unreasonable, arbitrary or unconscionable. See Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 11} Mr. and Mrs. Nails have not provided this court with a complete transcript of the trial. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp, 61 Ohio St.2d at 199. The absence of omitted evidence will only be disregarded if the partial record affirmatively demonstrates that omitted portions were irrelevant to the trial court's decision. Wozniak v. Wozniak (1993), 90 Ohio App.3d 400,409.
 {¶ 12} In this case, Mr. and Mrs. Nails chose to proceed under App.R. 9(B), but requested very limited portions of the trial transcript. The record was later expanded at the insistence of Perrin Asphalt and Ms. Pisaraski to include the complete trial testimony of Mrs. Nails and witness Danya Davis as well as the testimony of two expert witnesses. The record, however, remains quite limited. Indeed, this court has been provided no means of gauging the extent to which the record on appeal is incomplete. By means of example, we note that the initial witness list filed by Mr. and Mrs. Nails in the trial court included no fewer than forty-one individual witnesses. Perrin Asphalt provided the names of an additional seventeen, and Ms. Pisaraski identified another six. Several trial *Page 8 
depositions were taken and filed with trial court pursuant to Civ.R. 32(A)(3), but this court has no means of discerning whether some or all of those witnesses' testimony was read into the record at trial.
 {¶ 13} While we are mindful of the cost of assembling a complete transcript of proceedings, the Appellant's responsibility under App.R. 9(B) remains. In this case, however, the partial record which we have been provided demonstrates that any error with respect to the rescue instruction would be harmless. "A trial court's failure to give a proposed jury instruction is reversible error only if the party demonstrates not only that the trial court abused its discretion but also that it was prejudiced by the trial court's refusal to give the proposed instruction." Valleaire Golf Club, Inc. v. Conrad, 9th Dist. No. 03CA0006-M, 2003-Ohio-6575, at ¶ 8, citing Jaworowski v. Med.Radiation Consultants (1991), 71 Ohio App.3d 320, 327. A finding that the defendant did not act negligently renders errors with respect to jury instructions that depend on a finding of negligence harmless. See, e.g., Callahan v. Akron Gen. Med. Ctr., 9th Dist. No. 22387,2005-Ohio-5103, at ¶ 15-16 (concluding that the plaintiffs were not prejudiced by a probable cause instruction in the absence of a finding of negligence).
 {¶ 14} "[A] person injured during an attempted rescue may recover from the party negligently causing the danger to the same extent as the person who required assistance from the rescuer." Bennett v.Stanley (2001), 92 Ohio St.3d 35, 46 (Cook, J., dissenting). In this case, the jury found that Perrin Asphalt did *Page 9 
not act negligently and that Ms. Pisarski's negligence did not proximately cause the accident in question. Because the jury determined that the accident could not be attributed to the negligence of either defendant, neither could be liable to Mrs. Nails under the rescue doctrine. Mrs. Nails consequently suffered no prejudice as a result of the trial court's determination that the instruction was not warranted, and Mr. and Mrs. Nails' second assignment of error is overruled.
 {¶ 15} Mr. and Mrs. Nails' first and second assignments of error are overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this *Page 10 
judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellants.
MOORE, J. DICKINSON, J. CONCUR.
[1] Mr. and Mrs. Nails' complaint also named the United States of America, as the operator of Medicare and Tricare, as a party with an interest in the potential proceeds of the litigation in the event that she recovered from either or both defendants. *Page 1