[Cite as *State v. Yerena*, 2016-Ohio-7635.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio                                      Court of Appeals No. OT-15-049

    Appellee                                  Trial Court No. 15 CR 088

v.

Jesus Pablo Yerena                          **DECISION AND JUDGMENT**

    Appellant                                 Decided:  November 4, 2016

* * * * *

Mark E. Mulligan, Ottawa County Prosecuting Attorney, and
Joseph H. Gerber, Assistant Prosecuting Attorney, for appellee.

Russell V. Leffler, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Jesus Yerena, appeals the December 22, 2015 judgment of

conviction of the Ottawa County Court of Common Pleas.  For the following reasons, we

affirm.

{¶ 2} Appellant sets forth four assignments of error:

      I.  The trial court erred by dismissing the jury's verdicts of

aggravated assault at the state's request.

II. The trial court erred by not properly instructing the jury as to the relationship between the aggravated assault and the felonious assault counts.

III. At a minimum, the trial court erred in not explaining that the aggravated assault provocation provisions applied to the felonious assaults.

IV. The trial court erred by communicating with the jury during deliberations in the absence of the defendant, his counsel, and the prosecutor.

{¶ 3} On July 25, 2015, appellant was drinking and socializing in Put-in-Bay with friends. Around midnight, while appellant was at Mr. Ed's Tavern ("Mr. Ed's"), a fight occurred between appellant and Matthew Dale. Both men were ejected from the bar. Dale was escorted out of the bar first, then appellant left the bar. Just outside of the door, Dale ran up to appellant and punched appellant in the face. Appellant fell to the ground and a melee ensued with Dale and other people piled on top of appellant. Appellant, Dale and the other people were eventually separated. As appellant got up from the ground, Dale picked up and swung a cigarette receptacle at appellant's head. Appellant went after Dale and Dale was stabbed numerous times in the side. Appellant and Dale again separated. Dale stumbled off and collapsed a short distance away. Appellant walked away and shortly thereafter was detained by police. Both men received medical attention. Dale was life-flighted to a hospital where he remained for three weeks. Appellant received stitches in his hand and an ice pack for his ankle.

2.

{¶ 4} On August 5, 2015, the Ottawa County Grand Jury issued a seven-count indictment against appellant. Count 1 charged appellant with attempted murder, in violation of R.C. 2903.02(A), a felony of the first degree, Counts 2 and 3 charged appellant with felonious assault, in violation of R.C. 2903.11(A)(2) and (1), respectively, both felonies of the second degree, Counts 4 and 5 charged appellant with aggravated assault, in violation of R.C. 2903.12(A)(1) and (2), respectively, both felonies of the fourth degree, Count 6 charged appellant with tampering with evidence, in violation of R.C. 2921.12(A)(1), a felony of the third degree, and Count 7 charged appellant with carrying a concealed weapon, in violation of R.C. 2923.12(A)(1), a felony of the fourth degree. In addition, Counts 1 through 5 each contained a repeat violent offender specification ("RVO"). Appellant pled not guilty to all counts.

{¶ 5} On October 20, 2015, a jury trial commenced. During opening arguments, the state discussed the two fights which resulted in the assault charges against appellant. The first fight consisted of Dale and the pile of people on appellant, while the second fight involved Dale being stabbed by appellant. The state maintained appellant used a knife against Dale in both fights. The state argued the aggravated assault charges related to the first fight while the felonious assault charges were associated with the second fight. The defense countered in its opening argument that there were three fights—one fight inside the bar and two fights outside of the bar, and the two fights outside were videotaped. Despite the video, appellant denied "he was the stabber." Therefore, self-defense was not raised by appellant at trial.

3.

{¶ 6} The jury found appellant guilty of two counts of aggravated assault, two counts of felonious assault and one count of tampering with evidence, and not guilty of attempted murder and carrying a concealed weapon. Appellant had submitted the consideration of the RVO to the court; the court found him guilty of the RVO.

{¶ 7} The state requested the two counts of aggravated assault be dismissed; the court granted the request. The state then elected to proceed to sentencing on Count 3 of felonious assault, rather than Count 2, as those counts were allied offenses.

{¶ 8} On December 22, 2015, appellant was sentenced to prison for eight years on the felonious assault conviction, one year for tampering with evidence and two years on the RVO, for a total of eleven years. Appellant timely appealed.

{¶ 9} In his first assignment of error, appellant asserts the trial court erred by dismissing the jury's verdict of two counts of aggravated assault at the state's request. Appellant argues the indictment appears to show the aggravated assault and felonious assault charges were alternate ways of viewing the same facts, and the bill of particulars set forth only one event relating to the stabbing so there was no indication that the aggravated assault was a separate event from the felonious assault. Appellant contends since he was convicted of aggravated assault, he should have been sentenced for that.

{¶ 10} The state counters there were two separate events which resulted in two separate charges: the aggravated assault occurred during the melee when appellant was stabbing at the pile of people on top of him including Dale, while the felonious assault occurred after appellant escaped from the pile of people and went after and stabbed Dale.

4.

The state submits the bill of particulars incorporated the discovery, which included the video which showed the two courses of conduct. The state further argues appellant has not shown he was prejudiced by any insufficiency in the bill of particulars. In addition, the state observes nothing in Crim.R. 48 precludes the state from dismissing a count of the indictment after a jury verdict. The state cites to *State v. Jones*, 8th Dist. Cuyahoga No. 101311, 2015-Ohio-1818, in support of its argument.

{¶ 11} R.C. 2941.07 provides that upon written request, "the prosecuting attorney shall furnish a bill of particulars setting up specifically the nature of the offense charged and the conduct of the defendant which is alleged to constitute the offense." *See also* Crim.R. 7(E). "A bill of particulars is not designed to provide the accused with specifications of evidence or to serve as a substitute for discovery." *State v. Sellards*, 17 Ohio St.3d 169, 171, 478 N.E.2d 781 (1985). If a defendant seeks reversal of his conviction due to an insufficient bill of particulars, the defendant must show the lack of knowledge of facts which should have been included in the bill of particulars prejudiced him from properly defending himself. *State v. Chinn*, 85 Ohio St.3d 548, 569, 709 N.E.2d 1166 (1999).

{¶ 12} Crim.R. 48(A) provides "[t]he state may by leave of court and in open court file an entry of dismissal of an indictment, information, or complaint and the prosecution shall thereupon terminate." Furthermore, "the prosecution has discretion, with permission of the court, to determine when and which charges should be dropped." *Jones* at ¶ 31.

5.

{¶ 13} Here, a review of the bill of particulars shows that it references one event, the stabbing of Dale. However, the bill of particulars also provides "[t]he indictment and discovery * * * are hereby incorporated into this Bill of Particulars." The record reveals the state produced in discovery eight DVDs, which included the security video from Mr. Ed's. The defense acknowledged at trial that in discovery it was provided with the video from Mr. Ed's which showed the "whole thing." That video was admitted into evidence at trial without objection.

{¶ 14} While the bill of particulars only referred to one event, the record indicates the discovery provided to the defense, which supplemented the bill of particulars, revealed the entire interaction between appellant and Dale outside of the bar. What is more, appellant's counsel recognized that appellant was involved in three fights on the night in question, two of which were on the video from Mr. Ed's. We therefore find appellant failed to demonstrate that he was prejudiced by the insufficiency of the bill of particulars.

{¶ 15} With respect to the dismissal of the aggravated assault counts, the state had the discretion, with the court's permission, to dismiss these counts at any time. Moreover, nothing in the record indicates the trial court erred in allowing the state to dismiss these counts. Accordingly, appellant's first assignment of error is not well-taken.

{¶ 16} In his second assignment of error, appellant asserts the trial court did not properly instruct the jury as to the relationship between the aggravated assault and the felonious assault counts. Appellant maintains when the indictment sets forth alternate

6.

theories, the jury should be properly instructed. Appellant notes the jury submitted a question on this issue and "[t]he Court simply repeated the lack of an answer." Appellant contends the jury's verdicts are inconsistent.

{¶ 17} The state argues appellant assumes the conduct associated with the aggravated assault and felonious assault charges was the same, but it was different conduct. The state argues the jury instructions were not erroneous.

{¶ 18} A review of the record shows defense counsel did not object at trial to the jury instructions which were given. Thus, appellant has waived all but plain error on review. *State v. Foust*, 105 Ohio St.3d 137, 2004-Ohio-7006, 823 N.E.2d 836, ¶ 139. "Plain error does not exist unless it can be said that but for the error, the outcome of the trial would clearly have been otherwise." *State v. Wogenstahl*, 75 Ohio St.3d 344, 357, 662 N.E.2d 311 (1996).

{¶ 19} When instructing the jury, the trial court must provide "a plain, distinct, and unambiguous statement of the law applicable to the evidence." *Marshall v. Gibson*, 19 Ohio St.3d 10, 12, 482 N.E.2d 583 (1985). A jury instruction is proper when "(1) the instruction is relevant to the facts of the case; (2) the instruction gives a correct statement of the relevant law; and (3) the instruction is not covered in the general charge to the jury." *State v. Kovacic*, 2012-Ohio-219, 969 N.E.2d 322, ¶ 15 (11th Dist.). In addition, the trial court must "give all instructions which are relevant and necessary for the jury to weigh the evidence and discharge its duty as the fact finder." *State v. Comen*, 50 Ohio St.3d 206, 553 N.E.2d 640 (1990), paragraph two of the syllabus.

7.

{¶ 20} Here, as to the felonious assault counts, the jury was instructed it must find appellant guilty of felonious assault if the state proved beyond a reasonable doubt that appellant caused serious physical harm to Dale or caused or attempted to cause physical harm to Dale by means of a deadly weapon.

{¶ 21} Regarding the aggravated assault counts, the jury was instructed it must find appellant guilty of aggravated assault if it finds the state proved beyond a reasonable doubt that appellant, while under the influence of sudden passion or sudden fit of rage, either of which was brought on by serious provocation occasioned by Dale that was reasonably sufficient to incite appellant into using deadly force, knowingly caused serious physical harm to Dale or caused or attempted to cause physical harm to Dale by means of a deadly weapon.

{¶ 22} Upon review, the jury instructions as given were in accordance with the Ohio Jury Instructions and properly set forth the elements of the crimes of felonious assault and aggravated assault. Furthermore, the instructions are relevant to the facts of the case. While the instructions did not explain the relationship between the felonious assault and aggravated assault counts, as discussed above, appellant was charged with aggravated assault for one fight and felonious assault for the second fight. The aggravated assault charge was not an alternate theory of the felonious assault charge. Therefore, it was not necessary for the court to instruct the jury on the relationship between the felonious assault and aggravated assault counts.

8.

{¶ 23} We find the trial court did not err in instructing the jury on the aggravated assault and felonious assault counts. Accordingly, appellant's second assignment of error is not well-taken.

{¶ 24} In his third assignment of error, appellant asserts plain error occurred when the trial court did not explain that the aggravated assault provocation provisions applied to the felonious assault charges. Appellant argues no jury instruction was given "as to Aggravated Assault as a lesser to the Felonious Assault." Appellant insists "a separate instruction and clarification should have been given as to Aggravated Assault as an affirmative defense" because there was no real break in the fighting or time to cool off between the fights. Appellant acknowledges his trial counsel did not request such an instruction or object to the jury instructions which were given.

{¶ 25} In addressing the issue of whether a defendant indicted for felonious assault is entitled to a jury instruction on aggravated assault, the Ohio Supreme Court has stated:

[A]s statutorily defined, the offense of aggravated assault is an inferior degree of the indicted offense -- felonious assault -- since its elements are identical to those of felonious assault, except for the additional mitigating element of serious provocation. * * * Thus, in a trial for felonious assault, where the defendant presents sufficient evidence of serious provocation (such that a jury could both reasonably acquit defendant of felonious assault and convict defendant of aggravated assault), an instruction on aggravated assault (as a different degree of felonious

assault) must be given. *State v. Deem*, 40 Ohio St.3d 205, 210-211, 533 N.E.2d 294 (1988).

{¶ 26} Here, appellant's defense was not that he was seriously provoked by Dale and therefore stabbed Dale. Rather, appellant claimed he was not involved in Dale's stabbing. Under these facts and circumstances, an instruction on aggravated assault would be inconsistent with appellant's defense at trial. Therefore, the trial court did not err in failing to give an instruction on aggravated assault as a lesser degree of felonious assault. Accordingly, appellant's third assignment of error is not well-taken.

{¶ 27} In the fourth assignment of error, appellant contends the trial court erred by communicating directly with the jury during deliberations in the absence of appellant, his counsel or the prosecutor. Appellant argues the jury's questions regarding felonious and aggravated assault show the "jurors were struggling with the relationship of the Counts where they were instructed there was no relationship." Appellant submits "[p]erhaps the Court went over the question, and a proposed answer with counsel. Perhaps."

{¶ 28} The state counters appellant waived this issue as the court consulted with the state and defense before answering the jury's question. The state further claims any error was harmless because appellant cannot show prejudice since the communication at issue was a clarification of the elements of aggravated assault and felonious assault. The state notes the communication actually benefitted appellant.

{¶ 29} In order to establish prejudice from a court's ex parte communication with jurors, "the complaining party must first produce some evidence that a private contact,

10.

without full knowledge of the parties, occurred between the judge and jurors which involved substantive matters." *State v. Jenkins*, 15 Ohio St.3d 164, 473 N.E.2d 264 (1984), paragraph thirteen of the syllabus. The complaining party then must show actual prejudice. *State v. Schiebel*, 55 Ohio St.3d 71, 84, 564 N.E.2d 54 (1990).

{¶ 30} Here, during the course of its deliberations, the jury submitted two written questions to the court. The judge addressed the jury, on the record, and stated, "The attorneys didn't need to be here. I talked to them." The jury's questions were, "What is the difference between felonious assault and aggravated assault?" and "What are the different elements of each?" The judge answered, "All I can do is refer you to the charge." The judge also provided the jurors with a simplified explanation of the charges by highlighting the differences between the charges. A juror then orally posed the question, "Can you be guilty of [counts] four and five, but not two and three?" The judge answered, "The answer would be yes, he could be guilty of [counts] four and five [aggravated assault] and not two and three [felonious assault]. Yes. Okay." The entire exchange between the judge and jury was on the record.

{¶ 31} The record shows the trial judge talked to counsel before entering the jury room to answer the jury's written questions, but there is no evidence what exactly was discussed. Since appellant has not shown his counsel did not have full knowledge of the judge's contact with the jury when responding to the jury's written questions, appellant cannot establish he was prejudiced by the court's ex parte communication with the jury.

11.

**{¶ 32}** As to the juror's oral question, the record shows the judge's contact with the jury was without full knowledge of counsel. However, appellant has not shown that he was prejudiced by this communication. The answer given by the judge to the juror's oral question was in accordance with the law and the jury instructions given to the jury before deliberations commenced. The jury instructions provided in relevant part:

Count 2

* * *

Now if you find that the State proved beyond a reasonable doubt all of the essential elements of felonious assault, your verdict must be guilty.

If you find the State failed to prove beyond a reasonable doubt any one of the essential elements of felonious assault, your verdict must be not guilty.

* * *

Count 3

* * *

Now if you find the State proved beyond a reasonable doubt all of the essential elements of this offense of felonious assault, your verdict must be guilty.

If you find the State failed to prove beyond a reasonable doubt any one of the essential elements of the offense of felonious assault, your verdict must be not guilty.

12.

\* \* \*

Count 4

\* \* \*

Now if you find that the State proved beyond a reasonable doubt all of the essential elements of the offense of aggravated assault, your verdict must be guilty. If you find the State failed to prove beyond a reasonable doubt any one of the essential elements of the offense of aggravated assault, your verdict must be not guilty.

\* \* \*

Count 5

\* \* \*

Now if you find the State proved beyond a reasonable doubt all of the essential elements of the offense of aggravated assault, your verdict must be guilty.

If you find the State failed to prove beyond a reasonable doubt any one of the essential elements of the offense of aggravated assault, your verdict must be not guilty.

{¶ 33} While the jury instructions did not specifically set forth that the jury could find appellant guilty of aggravated assault but not guilty of felonious assault, it could be inferred. Although the trial judge erred by answering the juror's oral question outside of the presence of counsel and without counsel's full knowledge, appellant has not shown

the judge's response was prejudicial. We therefore find the error was harmless.

Accordingly, appellant's fourth assignment of error is not well-taken.

{¶ 34} The judgment of the Ottawa County Court of Common Pleas is affirmed.

Costs of this appeal are assessed to appellant pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Arlene Singer, P.J.

Thomas J. Osowik, J.
CONCUR.

_____
JUDGE

_____
JUDGE